## Neil Moore, Appellee, v. P. H. Murphy, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M.
VANDEVENTER, Judge, presiding. Heard in this court at the March
term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Neil Moore, a minor, by William N. Moore,
his next friend, against P. H. Murphy to recover for
injuries sustained by plaintiff while operating a tin
cutting machine for defendant. From a judgment in
favor of plaintiff for two thousand dollars, defendant
appeals.

Errors assigned by counsel were in substance: That
the plaintiff assumed the risk; that the injury was
occasioned by plaintiff's own negligence; that the
plaintiff operated the machine in direct violation of
his instructions; that the judgment is not supported
by the evidence; that remarks of plaintiff's counsel to
jury constitute reversible error.

WISE, KEEFE & WHEELER, for appellant.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEIN-
FELDEN, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opin-
ion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 701*—*when evidence insufficient to sus-
tain verdict for injury to operator of tin cutting machine.* In an
action for the loss of three fingers while operating a tin cutting
machine for defendant, a verdict for plaintiff, *held,* manifestly
against the weight of the evidence where it is not clear from the
evidence whether the accident happened in the manner claimed by

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

plaintiff and the plaintiff is contradicted by two entirely disinterested witnesses.

2. MASTER AND SERVANT, § 825*—*when remarks of counsel prejudicial*. Remark by counsel in closing argument to the jury. "We are not asking you to put your hands in Mr. Murphy's pockets because he is a rich man and owns a big plant out here," *held*, prejudicial.

3. TRIAL, § 113*—*when remarks of counsel improper*. Statement of counsel explaining why his first declaration was prepared in the manner it was, *held*, improper.