Margaret Westbrook, Executrix of the Estate of John W. Westbrook, Deceased, Appellee, v. The Chicago & Northwestern Railway Company, Appellant.

Gen. No. 7,796.

Opinion filed March 23, 1928.

HYER & GILL, for appellant.

ROY F. HALL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is an appeal from a judgment against appellee in the sum of $3,500 in an action on the case for the death of John W. Westbrook, alleged to have been caused by the negligence of appellant.

The declaration consists of four counts. The first count is a general negligence count. The second count

charges that Westbrook was an employee of the Emerson-Brantingham Company; that the employees of such company had been in the habit for years of using the track of the defendant railroad company in walking to and from their work; and that defendant carelessly and negligently ran into and injured said Westbrook so that he died. The third count is substantially the same as the second, except that it charges the defendant railroad company with wilfully and wantonly running into and injuring plaintiff's intestate so that he died. The fourth count charged the violation of a speed ordinance of the city of Rockford, but on motion of appellant was excluded from the the consideration of the jury on the ground that the Public Utilities Act, Cahill's St. ch. 111a, had supplanted the city's speed ordinance. To the declaration, a plea of the general issue was filed and a jury trial was had. Two special interrogatories were submitted to the jury. The first was whether the engineer of the train in question was guilty of such negligence as to indicate a total disregard of consequences or for the safety and lives of others. The second was whether such conduct was the proximate cause of Westbrook's death. Both interrogatories were answered in the affirmative by the jury.

Appellant contends that appellee's intestate was guilty of contributory negligence; that the verdict of the jury was against the manifest weight of the evidence; that there was no evidence to justify an affirmative answer to the special interrogatories; that the court erred in its rulings on instructions; and that certain remarks of counsel for appellee in his closing argument were of such improper character that they were prejudicial to the rights of appellant.

In appellant's motion for a new trial, it did not include, as a ground for the motion that the finding of the jury on the special interrogatories was against the manifest weight of the evidence. On that account, the

only question which can be raised for review in this court, so far as the evidence is concerned, is whether or not there is any legal evidence in the record tending to prove wilfulness or wantonness on the part of appellant. That question arises only upon appellant's motion to direct a verdict at the close of all the evidence. (*Brimie v. Belden Mfg. Co.*, 287 Ill. 11.) Upon the question thus raised, the court cannot weigh the evidence. It can only determine whether there is any legal evidence, which, taken as true with the inferences reasonably to be drawn therefrom, will warrant the jury in finding that appellant was guilty of wilful and wanton misconduct. (*Brimie v. Belden Mfg. Co., supra; Pate v. Gus Blair-Big Muddy Coal Co.*, 252 Ill. 198.)

In support of its contention that there is no evidence to sustain the charge of wilfulness and wantonness, appellant urges that at the point where the accident occurred there was no obstruction to the view of appellee's intestate; that it was not a public crossing; that it was a clear day; that the ground on each side of the railroad tracks was level; and that Westbrook looked around at the train in question, stepped off the track, and then later walked up close to the rail where he was struck by the beam on the pilot of the engine. In view of what we have to say concerning the special verdicts, we refrain from expressing an opinion as to the proof to support them.

It is nevertheless necessary for us to comment on a ruling of the court in reference to the special verdicts. Counsel for appellee, over appellant's objection, told the jury in his argument that if they found for plaintiff they might answer the first interrogatory "Yes" and the second "No" and then added, "Then your verdict will stand just as you find it." It was practically conceded by counsel for appellee in the oral argument and also in his printed brief that his remarks in this connection were not proper, but he con-

tends that as the jury answered both interrogatories in the affirmative, they did not follow his suggestions, and therefore were not affected by them. The jury could have found for the plaintiff on any one of the three counts. If they had found on either of the first two counts, but did not believe appellant guilty of wilful and wanton misconduct, they should not have answered the first interrogatory affirmatively. It can well be argued that the jury may have answered the special interrogatories as they did in order to protect their general verdict. We think the statements of counsel and the overruling of the objections thereto by the court were prejudicial to the rights of appellant. It is improper for counsel to ask the jury to answer the special interrogatories so that they may agree with their general verdict or to discuss the legal effect of their answers to special interrogatories or their bearing on their general verdict. (*Southern Indiana R. Co. v. Fine,* 163 Ind. 617; *Snider v. Washington Water Power Co.,* 66 Wash. 598.) It can be readily seen that the very purpose of submitting special interrogatories can be destroyed by such discussion and we are in thorough accord with the authorities cited on this point.

Appellant also complains of remarks by appellee's counsel of an inflammatory and prejudicial character. At one point in the argument, appellee's counsel said, ''One thing I will say to you, we don't ask you to make an arbitrary finding. We want you to deal fairly with this widow to-night; we just want you to give her, from the abundance of this company.'' An objection was sustained to this remark, after which counsel continued, ''Well, from the poorness of the company,'' to which an objection was also sustained. Counsel then stated, ''Well, from the company we want you to give her just what she has been damaged in her support.'' Counsel for appellee cast repeated aspersions upon appellant's witnesses, because they were in its employ

and argued that appellee's witnesses were more likely to tell the truth, because appellant's witnesses were interested and felt they must acquit themselves well because of their jobs with the company. Objections to this line of argument were overruled. A strong showing was made tending to prove that appellee's intestate was guilty of contributory negligence. Because of the error committed in procuring the special verdicts, appellant is not precluded from urging that it may not rely on the defense of contributory negligence.

Appellee insists that the judgment should not be reversed on account of such improper argument, because it cannot be said the verdict is excessive. It is not necessary that a verdict be excessive in order to reverse a judgment on account of inflammatory and prejudicial argument of counsel. (*Paulsen v. McAvoy Brewing Co.*, 220 Ill. App. 273; *Appel v. Chicago City R. Co.*, 259 Ill. 561.) It is well settled that in cases of this kind, allusions to the poverty of a plaintiff and the wealth of a defendant are improper and wrong. (*Kurtz v. Evans*, 201 Ill. App. 180; *Kaufman v. Helmick*, 212 Ill. App. 10; *Moore v. Murphy*, 183 Ill. App. 499.) Misconduct of counsel of the character mentioned is sufficient cause for reversing a judgment, unless it can be seen that it did not result in injury to the defeated party, even though the trial court has sustained objections to such statements, rebuked counsel and directed the jury to disregard the statements. (*Bale v. Chicago Junction Ry. Co.*, 259 Ill. 476.)

Where the conduct of counsel is inflammatory and prejudicial, the judgment will be reversed even though the verdict is not against the manifest weight of the evidence. (*Paulsen v. McAvoy Brewing Co., supra; Appel v. Chicago City R. Co., supra.*) The whole purpose of the law to obtain a trial by a fair and impartial jury is defeated, if appeals to their passions and prejudices are to be permitted during the course of the trial.

(*Paulsen v. McAvoy Brewing Co., supra.*) If courts of law are to be sources of justice, the rule that parties litigant, regardless of who they are, shall have secured to them the opportunity of having the issues of their case tried by a jury, free from the prejudicial influence of improper conduct, must be strictly enforced. (*Bale v. Chicago Junction Ry. Co., supra.*)

Because of the likelihood of this case being tried again, we should express our views on certain instructions given on behalf of appellee. The first instruction given at her request told the jury that the first and second counts of the declaration charge that the deceased came to his death because of the negligence of defendant, and that the third count charges his death was caused by the wanton misconduct of defendant. Her fifth instruction told the jury that if they find the defendant guilty as charged in either count of plaintiff's declaration as defined in the instructions, then in determining the amount of damages, if any, to be awarded to the plaintiff, they should fix such amount as will in their judgment from the evidence be fair and just compensation, etc. Appellant claims that the combination of these two instructions takes from the jury the question of contributory negligence under the negligence counts and is therefore erroneous. The fifth instruction does not direct a verdict but merely lays down a rule for determining the amount of damages in case the jury finds the defendant guilty as charged in any count of the declaration. It is different from an instruction which tells the jury that if the plaintiff has made out his case, as alleged in the declaration, they should find the defendant guilty. (*Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464.) Appellee's second instruction deals with the question of due care on the part of appellee under the first and second counts of the declaration. We do not think the fifth instruction could have misled the jury.

The third instruction given on behalf of appellee attempts to define wilful and wanton misconduct. It tells the jury that it is unnecessary to prove that the deceased exercised due care for his own safety, provided the jury believe from a preponderance of the evidence that the servants of the defendant operated the train at the time and place in question in such a way as to amount to wantonness or general disregard for the lives of persons who might be upon the track of the defendant. The instruction may be a little too comprehensive but cannot be seriously condemned.

The evidence was conflicting and it was essential that no substantial error should intervene in the trial. There is little room to doubt that the errors committed were grave enough to deprive appellant of a fair and impartial trial. The judgment of the circuit court is therefore reversed and the cause remanded.

*Reversed and remanded.*