Adolph E. Swanson, Appellee, v. Chester Johnson Electric Co., Appellant.

Gen. No. 46,490.

First District, Third Division.
February 23, 1955.
Rehearing denied April 6, 1955.
Released for publication April 6, 1955.

Tom L. Yates and Crowe, Yates, Abrahamson & Fisk, of Chicago, for appellant; Tom L. Yates, and

Norman B. Eaton of Bradley, Pipin, Vetter & Eaton, all of Chicago, of counsel.

Lelivelt, Swidler & Robbins, of Chicago, for appellee; Ode L. Rankin, of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action to recover under an oral wage contract. Verdict and judgment for $1,365 were entered for plaintiff and defendant has appealed.

This is the second appeal in this case. The first trial resulted in verdict and judgment for $1,500. This court reversed the judgment because the verdict could not be reconciled with the evidence. Swanson v. Chester Johnson Elec. Co., 347 Ill. App. 182. The retrial was upon an amended complaint drawn on a theory conformable to the evidence in the first trial, i. e. that plaintiff and defendant in 1941 orally agreed that plaintiff should receive a weekly salary of $32 plus an annual bonus of 15 per cent of the profits.

The vital issue of fact was whether the agreement was as plaintiff alleged and sought to prove, or as defendant sought to show, i. e. that the bonus was "discretionary." Special interrogatories were submitted to the jury on this issue, one asking whether the agreement was as plaintiff contended, the other whether it was as defendant contended. The jury returned the first one answered "yes" and the second one answered "no."

■ The trial court stated orally to the jury, that both interrogatories should be answered and "The verdict you reach should be compatible with the interrogatories." Defendant claims this statement was prejudicially erroneous. We think it was.

The jury is free in its deliberations subject to the instructions which must correctly state the law. The trial court was in error in seeking to impose a restraint

177

which is unwarranted. The legislature presupposed that a jury in the free exercise of its functions might return interrogatories inconsistent with the general verdict. It provided in that event that the interrogatory controls. Section 65, Civil Practice Act (Ill. Rev. Stats. 1953, ch. 110, § 189 [Jones Ill. Stats. Ann. 104.065]).

Defendant relies upon Westbrook v. Chicago & N. W. Ry. Co., 248 Ill. App. 446. There in argument an attorney told the jury the legal effect on the general verdict of the jury's answers to interrogatories. On appeal the impropriety was admitted but it was argued there was no prejudice. The court held the conduct was prejudicial and the argument was inflammatory and reversed on these points. The Westbrook decision rested on authority of Southern Indiana Ry. Co. v. Fine, 163 Ind. 617 and Snider v. Washington Water Power Co., 66 Wash. 598.

Both of those cases, as the Westbrook case, involved arguments of attorneys. In the Fine case the attorney told the jury it should decide the general verdict then write the answer to the interrogatory accordingly. In the Snider case the jury was told what the effect of the answer to the interrogatory would have on the general verdict. The court in the Snider case held the argument prejudicial error on authority of a statement of law in the Fine decision. That statement was substantially that the limit of comment on interrogatories was that the answers should be framed carefully in accordance with the evidence because the answers and verdict would be considered together; and that the improper statement of the attorney—"Find your general verdict, then take each interrogatory and answer each so that it may agree with the general verdict" carried the implication that having decided on the general verdict, answering each interrogatory was perfunctory and merely to make it consistent with the general verdict.

178

The Fine case was not reversed because the trial court said on objection, in presence of the jury, it would instruct the jury with respect to the impropriety and the jury was instructed to answer the interrogatory "without reference to your general verdict." In the Snider case the jury was not told by the attorney to answer the general verdict first, as in the Fine case, nevertheless, though the court also instructed the jury to disregard statements "of the purpose of the interrogatories," the Supreme Court of Washington said the instruction did not make clear the difficult distinction, for the lay mind, between discussing the relation of the evidence to the interrogatories and the legal effect of interrogatories.

It is true that the interrogatories in the instant case were not on complicated questions as in the Westbrook case, and plaintiff argues that there was no showing of prejudice. In the Westbrook case the attorney argued without success that since the jury answered both interrogatories against his suggestion there was no prejudice. The court said the jury might have answered the interrogatories as they did to protect their general verdict. We cannot with confidence speculate what effect the trial judge's statement, in the instant case, had on the jury. It may have answered the interrogatories as it did to protect its decision to assess damages. It may have decided it had to assess damages because it answered the interrogatories as it did. We think the statement was prejudicial to a fair trial.

█ The record does not show an objection by defendant to the statement of the trial court. Plaintiff claims waiver for this reason. In the cases we have discussed there were objections. But in them the improprieties were by attorneys. The statement here is not like a ruling by the court on attorney's objections, it was *sua sponte*. Defendant's attorney may have thought there would be disadvantage to objecting in

the jury's presence. He might have asked for a conference outside the presence of the jury but we are not sure that had he done so and succeeded in his point, the effect would eliminate the unfair effect of the statement. The point was specifically made in the motion for new trial and under the circumstances of the case we consider that sufficient.

We conclude that the judgment must be reversed because of the trial court's statement.

The original verified complaint alleged an agreement for 15 per cent of the annual profits against which plaintiff could draw $32 per week. The amended verified complaint alleged the agreement was $32 per week plus a bonus of 15 per cent of the profits. At the trial plaintiff was denied leave to file a second amended verified complaint which alleged the agreement was 15 per cent of the profits payable $32 per week. At the trial plaintiff was cross-examined upon these pleadings. He said the original allegations of the contract were true so far as he knew, though he admitted other allegations were false. He said that he thought the allegation in the amended complaint was true. He said the allegation in each pleading was true "at the time I signed them as far as I know."

■ Defendant offered the three pleadings in evidence but the trial court refused to admit them. This was error. The jury had a right to see the allegations of the pleadings upon the essential issue bearing upon the credibility of plaintiff. Bennett v. Auditorium Bldg. Corp., 299 Ill. App. 139, 148. We agree with defendant that the cross-examination of plaintiff on the variety of verified allegations was devalued by the refusal of the court to admit the pleadings.

■ We see no error in the trial court's refusal to admit a letter from plaintiff's attorney to defendant's attorney stating that plaintiff's theory would not be changed because of any information arising from a discovery proceeding. It was not relevant.

180

■ Defendant refers us to no law to support his argument about two refused instructions. We shall assume the court ruled properly. There is no merit to the contention that the amended complaint states no cause of action. The court sustained objection to the only question about officers' salaries which might have been improper. A motion to instruct the jury to disregard the question was not ruled on. The motion was not pressed for a ruling after a recess called while the motion was pending. We shall not pass on the claim the verdict was excessive.

The judgment is reversed for prejudicial error in the oral instruction to the jury and for excluding the proferred pleadings from the evidence and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

LEWE and FEINBERG, JJ., concur.