**Aaron Mathes, Plaintiff-Appellee, v. Jean C. Basso, Defendant-Appellant.**

**Gen. No. 53,180.**

First District, Second Division.

December 30, 1968.

 █

Alan E. Morrill and Robert A. Sprecher, of Chicago (Morrill, Koutsky, Klomann & Chuhak, and Crowley, Sprecher, Barrett & Karaba, of counsel), for appellant.

Hickey, Gustafson & Peterson, of Chicago (Edward Wolfe, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for personal injuries sustained by plaintiff as a result of the alleged negligence of defendant in the operation of her automobile. The jury returned a verdict in favor of plaintiff in the amount of $16,488, upon which the court entered judgment. Defendant appeals, maintaining that the trial court committed error in advising the jury, at their request, concerning a special interrogatory after the case had been submitted to them for deliberation.

After a four-day trial on the merits, the case was submitted to the jury on December 19, 1967, shortly prior to the noon hour. Together with the instructions and other matters sent with the jury to the jury room was the following special interrogatory:

> "Did the plaintiff fail to exercise ordinary care for his own safety and at the time of the occurrence and was this failure the proximate cause of his injuries?"

Approximately 3:30 p. m. that same day, the jury requested to see the trial judge. With approval of the attorneys for both parties, the trial judge went to the jury room to ascertain the jury's problem.

The matters which transpired in this regard were summed up by the trial judge as follows:

"I was advised by the court bailiff . . . , that the jury had a question for me. Counsel for plaintiff and counsel for defendant were present with the Court. I advised counsel of the message I received from the jurors via the court bailiff. And whereupon I proceeded to have the court bailiff knock on the jury door and the jurors then admitted the Court. The door remained open and what transpired was, I thought, within the hearing of counsel. The foreman of the jury . . . held in his hand that special interrogatory tendered by the defendant and given to the jury by the Court. He said that they were confused by the interrogatory and asked whether they had to answer it and whether their answer to the special interrogatory would have any effect on the verdict. They had not reached a verdict. But the Court replied that it should be answered and it should be consistent with their verdict. Nothing further was said. The Court then turned back to counsel, to where counsel were standing and advised them as to what had transpired."

Two to five minutes later the jury returned their verdict and further answered the special interrogatory in the negative.

It also appears from the record that the special interrogatory which was actually submitted to the jury omitted the word "before" after the word "safety," which word was contained in the interrogatory earlier agreed upon between the court and parties and earlier read to the jury.

 The jury was confused by the special interrogatory and its bearing on the issues of the case. The trial court was justified in entering the jury room to ascertain the problem confronting the jury, as counsel for both parties agreed he should do. However, he should not have advised the jury that the answer to the interrogatory should be consistent with their verdict. When

239

a case has been submitted to the jury for deliberation, the trial court should not, in the absence of stipulation between the parties, further advise or instruct the jury or otherwise attempt to clarify any point on which they may raise a question, where to do so would be prejudicial to one of the parties. City of Mound City v. Mason, 262 Ill 392, 104 NE 685; see also People v. Tilley, 411 Ill 473, 477–79, 104 NE2d 499. A special interrogatory or verdict controls a general verdict. Ill Rev Stats 1967, c 110, par 65; Borries v. Z. Frank, Inc., 37 Ill2d 263, 226 NE2d 16. Advising the jury that their answer to the special interrogatory should conform to their verdict constitutes reversible error. Swanson v. Chester Johnson Elec. Co., 5 Ill App2d 175, 125 NE2d 304.

The contention is raised by plaintiff that the special interrogatory which was in fact submitted to the jury was void, inasmuch as it did not contain a vital word contained in the interrogatory previously agreed upon between the court and parties and read to the jury, thereby rendering it misleading and confusing. Plaintiff states that the jury's answer thereto was consequently a nullity, and that defendant cannot predicate error on this matter. Under the circumstances, it is immaterial whether the interrogatory given to the jury was proper or improper. City of Mound City v. Mason, 262 Ill 392, 399, 104 NE 685. The effect of the trial court's statement to the jury upon the jury's verdict or their answer to the interrogatory is not possible to determine. We are unable to say, assuming the nonexistence of the interrogatory, the answer thereto, and the statement of the trial judge to the jury, that the verdict would have been the same as that actually rendered by the jury. While the record shows that both counsel agreed that the trial judge enter the jury room to determine what was the jury's problem, no agreement between the parties appears in the record that the court was to answer any questions propounded by the jury or to otherwise advise them.

For these reasons the judgment is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

LYONS and McCORMICK, JJ., concur.