Grant R. Ehret, Plaintiff-Appellee, v. Loyal Protective Life Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 68–93.

Fifth District.

September 3, 1969.

Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (John M. Ferguson, of counsel), for appellant.

Sam S. Pessin, of Belleville, for appellee.

GOLDENHERSH, P. J.

Defendant, Loyal Protective Life Insurance Company, appeals from the declaratory judgment entered in the Circuit Court of St. Clair County after a jury trial. The judgment declares a Major Medical Expense Policy issued by defendant insuring plaintiff and members of his family against loss from sickness and accidental injury to be in full force and effect, that it was not procured by any false, fraudulent or untrue representations of plaintiff, and plaintiff and members of his family are entitled to all benefits pursuant to the terms and provisions of the policy. It further found that plaintiff is entitled to recover any sums expended in payment of medical expenses

which defendant owed under the policy provisions, together with interest thereon.

Plaintiff's complaint alleges the issuance of the insurance policy and payment of the premium; that his wife Dehlia contracted multiple sclerosis, the incurring of medical expenses, and defendant's refusal to pay in accordance with the terms of the policy. Defendant's answer sets up as affirmative defenses plaintiff's failure to reveal prior medical treatment undergone by Dehlia, fraud, and reliance upon plaintiff's representations in issuing the policy.

The evidence shows that sometime prior to July 12, 1963, plaintiff had purchased from the defendant a Major Medical Expense Policy. On that date Rudolph C. Whitehead, hereafter called Whitehead, an agent of the defendant who had known plaintiff for some time, called at plaintiff's office; the purpose of his visit was to advise plaintiff that defendant intended to withdraw that particular policy from the market and substitute a more restrictive type; Whitehead suggested to plaintiff that he might wish to amend the policy or rewrite it to include all members of his family within the coverage.

Plaintiff and Whitehead discussed the existing policy and it was decided by plaintiff to include all members of his family.

Mr. Whitehead, reading from the application which he brought with him, read questions concerning the medical information. These questions called for "yes" or "no" answers; as the plaintiff indicated his responses, Whitehead would place an "X" in the appropriate place in the application.

There is a dispute in the testimony with respect to whether plaintiff told Whitehead of his wife's treatment by a Dr. Teagle and whether when plaintiff signed the application it was filled in, or blank.

Subsequently, Dehlia M. Ehret contracted multiple sclerosis. A claim was made under the policy, denied by defendant, and this litigation followed.

Defendant contends the trial court erred in admitting, over objection, testimony of plaintiff's statements to Whitehead covering information not reflected by or contained in, and contradictory to the application. Defendant argues that plaintiff represented that the answers and statements contained in the application were true and complete and defendant relied thereon in issuing the policy. In further support of its argument defendant cites the following policy provision:

> "No Agent or medical examiner, if any, is authorized to accept risks or pass upon insurability, and no statement made to or by, and no knowledge on the part of, any Agent or medical examiner shall be considered, as having been made to or brought to the attention of the Company unless contained in this Application."

Defendant contends that plaintiff is charged with knowledge of the contents of the application, and is bound by the terms thereof regardless of whether he read it prior to signing, subsequently, or not at all.

The trial court correctly held parol evidence admissible to show that the application was filled out by Whitehead with full knowledge of the facts of Dehlia Ehret's prior medical treatment, Andes Ins. Co. v. Fish, 71 Ill 620; Phenix Ins. Co. v. Stocks, 149 Ill 319, 36 NE 408; and the policy provision purporting to restrict the authority of defendant's agent does not render it inadmissible, Royal Neighbors of America v. Boman, 177 Ill 27, 52 NE 264.

We have examined Jacobson v. Equitable Life Assur. Soc. of the United States, 381 F2d 955, and Carroll v. Preferred Risk Ins. Co., 34 Ill2d 310, 215 NE2d 801, cited by defendant, and do not find them persuasive. In

fact, language on page 959 of the opinion in Jacobson tends to support plaintiff's contention that the evidence was admissible.

In the course of the conference on instructions defendant requested the court to submit the case to the jury upon six special interrogatories pertaining to specific findings of fact, and that no general verdict be submitted. The court submitted the special interrogatories and also a general verdict, and defendant contends that in submitting the general verdict, the court erred. It also argues that the answers to the special interrogatories are inconsistent with the general verdict, and the general verdict finding the issues in favor of defendant cannot stand.

The Declaratory Judgments statute (c 110, § 57.1(4), Ill Rev Stats 1967) provides:

> "If a proceeding under this section involves the determination of issues of fact triable by a jury, they shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

Section 65 of the Civil Practice Act (c 110, Ill Rev Stats 1967) provides:

> "Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing."

Section 154 of the Illinois Insurance Code (c 73, § 766, Ill Rev Stats 1967) provides that no misrepresentation or false warranty made by an insured in an application for insurance shall defeat or avoid a policy ". . . unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed . . . ."

■ ■ The materiality of false representations in an application for insurance is a question of fact for the jury, Mooney v. Underwriters at Lloyd's, London, 33 Ill2d 566, 213 NE2d 283. The existence of an actual intent to deceive is ordinarily a fact question. 37 CJS 454. Nothing indicates that the nature of the case "requires otherwise" and the court properly submitted a general verdict to the jury. The answers to the three special interrogatories (numbers 3, 5, and 6) which are material to the issues are consistent with the general verdict, and answers to special interrogatories numbered 1, 2, and 4, could not control the general verdict because under the provisions of Section 154 of the Illinois Insurance Code (supra) they could not defeat or avoid the policy.

■ Defendant's special interrogatory number 6 reads:

"Do you find that the medical complaints, disorders and treatment of Dehlia Ehret, the wife of the plaintiff, prior to the date of the application for insurance from defendant on July 12, 1963, were material to the risk of defendant in issuing the insurance policy?"

The jury answered it "no" and defendant contends the answer is not supported by the evidence. From our examination of the testimony of Dr. Teagle we do not agree.

■ Defendant contends the trial court erred in not permitting it to open and close the final argument. In order to prevail plaintiff was required to prove certain allegations of the complaint denied in defendant's answer and the court did not err in its ruling. Liptak v. Security Benefit Ass'n, 350 Ill 614, 183 NE 564.

■ Defendant contends that plaintiff's counsel, in closing argument, improperly referred to the interrogatories and the court erred in overruling an objection made at that time. The record shows that counsel told the jury

294

what the interrogatories would be and suggested what the answers should be. This was proper, Chicago & A. R. Co. v. Gore, 202 Ill 188, 66 NE 1063, and the record does not reflect argument of the type condemned in Sommese v. Maling Bros., Inc., 36 Ill2d 263, 222 NE2d 468 or erroneous instruction as in Swanson v. Chester Johnson Elec. Co., 5 Ill App2d 175, 125 NE2d 304, cited by defendant.

For the reasons stated, the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.