Judy DeFranze, Plaintiff-Appellee, v. Margaret Valenzia, Defendant-Appellant.

Judy DeFranze, Plaintiff-Cross-Appellant, v. Edward Napravnik, Defendant-Cross-Appellee.

Gen. No. 53,037.

First District, First Division.

December 29, 1969.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (Richard H. Hoffman and Joseph Harrow, of counsel), for appellant.

Warren Hickey, Hickey, Gustafson & Peterson, of Chicago (Joseph B. Lederleitner, of counsel), and Parrillo and Sims, of Chicago (Murray W. Sims, Jr. and David J. Weiss, of counsel), for appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This case arose from an action by Judy DeFranze for personal injuries which resulted from a collision involving the automobile of Margaret Valenzia, in which plaintiff was a guest passenger, and the automobile driven by Edward Napravnik. The case proceeded to trial against both defendants in which plaintiff alleged that Margaret Valenzia was guilty of willful and wanton negligence and further alleged that Edward Napravnik was guilty of the negligent operation of his car which collided with the Valenzia vehicle. The jury returned a verdict for the plaintiff and against the defendant, Valenzia, assessing damages in the amount of $9,000. The jury answered affirmatively a special interrogatory in which they found defendant, Valenzia, guilty of willful and wanton conduct toward the plaintiff. The jury also rendered a verdict for defendant, Napravnik, and against plaintiff. After the trial court entered judgment in conformity with the jury's findings, defendant Valenzia and plaintiff DeFranze both argued post-trial motions which were denied and these appeals followed.

The plaintiff has characterized her cross-appeal as conditioned upon our decision of the issue asserted by defendant Margaret Valenzia. For that reason, we will first concern ourselves with the appeal asserted by Valenzia. The issue arises from statements made by

plaintiff's counsel in closing arguments to the jury, in which reference was made to the several verdict forms and special interrogatory which were to be submitted for the jury's consideration. Plaintiff's counsel proceeded upon an extended discussion of the possible verdicts that the evidence would support in order to reach a favorable verdict for his client. Counsel then made reference to the special interrogatory which the jury would answer whether they found that Margaret Valenzia was guilty of willful and wanton misconduct which proximately resulted in plaintiff's injuries. Then, the following was stated to the jury by plaintiff's counsel:

> "[I]f you find both of them guilty, and only because Margaret Valenzia is one of them, you then have to sign the Special Interrogatory, and you have to write in the word 'yes' or 'no.' If you find that she is responsible along with the other defendant, you write in the word 'yes,' and your Foreman signs it and the rest of you do.
>
> . . . . . .
>
> "Then, if you find Margaret Valenzia alone is the one who is responsible, there is a verdict that you sign against her assessing damages, and then, again, you have to sign the Special Interrogatory with respect to her, and I ask you to make it, or sign it, and put the word in 'yes.'
>
> "So, as to make it clear, and do it quickly, let us look at it this way:
>
> "The plaintiff is here, and you take the two people on the other side. Let us call them the Ford which is the car the girl was riding in. The other one is the Lincoln. If you find that the judgment should be against the Ford and the Lincoln, then, you sign the verdict against both of them, and you also sign the Special Interrogatory. And I ask you to

sign it 'yes' because you have already found her responsible in your verdict against both of them."

The defendant further complains that the trial judge committed the same error as the plaintiff's counsel when the court instructed the jury with these remarks:

"If there is a finding against the defendant, Margaret Valenzia, it will be required that you answer this interrogatory yes or no."

With regard to the trial court's comment concerning the special interrogatory, we are of the opinion that there is no merit in the defendant's contention that this statement was erroneous. Hence, we will consider the question asserted by the defendant only as it pertains to counsel's closing argument.

Defendant, Valenzia, argues that these statements destroyed the usefulness of the special interrogatory as a check upon the jury's deliberation over the general verdict (Wise v. Wise, 22 Ill App2d 54, 159 NE2d 500 (1959)), in that the jury was informed that the special interrogatory was dependent on their general verdict. The argument is that this violates the intent of section 65 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 65). The defendant refers us to the case of Sommese v. Maling Bros., Inc., 36 Ill2d 263, 222 NE2d 468 (1966), where the court held that reversible error was committed when plaintiff's attorney made a reference to the source of the special interrogatory, that the special interrogatory "supersedes" the general verdict, and that the jury should "harmonize" its answer to the special interrogatory with the general verdict. The Supreme Court found such argument incorrectly informed the jury of the need for conformity of the special interrogatory with that of the general verdict.

The plaintiff argues that this argument did not emphasize the need for conformity and that the case comes

within the rule of Chicago & A. R. Co. v. Gore, 202 Ill 188, 66 NE 1063 (1903), where the court reasoned that an attorney's reading of a special interrogatory to the jury and discussing the evidence concerning that point was only for the purpose of the jury reaching a proper decision in the case. The court further stated that it was proper for counsel to suggest the general verdict and also to suggest answers to the special interrogatory based on the evidence presented.

■■ We are in agreement with the plaintiff's theory on this issue. Looking at the closing argument as a whole, we feel that plaintiff's counsel was properly suggesting the answer that the jury should reach on the special interrogatory. We do not find that counsel was urging that the jury's answer to the special interrogatory should conform or be in agreement with the general verdict. In the case of Westbrook v. Chicago & N. W. Ry. Co., 248 Ill App 446 (1928), the applicable rule was stated, at page 450:

> "It is improper for counsel to ask the jury to answer the special interrogatories so that they may agree with their verdict or to discuss the legal effect of their answers to special interrogatories or their bearing on their general verdict."

In the Westbrook case, reversible error was found where counsel had suggested several answers to special interrogatories and then told the jury: "Then your verdict will stand just as you find it." We are of the opinion that the comments made by plaintiff's counsel were not in violation of the above rule and that the judgment should not be disturbed.

With regard to the plaintiff's cross-appeal against the defendant, Edward Napravnik, the plaintiff has stated that her contentions and argument were conditioned upon our decision concerning the Valenzia appeal. Plaintiff

has argued that if we were to reverse the trial court as to defendant Valenzia, that we should reverse the entire matter for a retrial; however, if we were to affirm the above appeal, then plaintiff does not desire a decision on her cross-appeal. Despite our affirmance of the Valenzia appeal, we elect to answer the merits of plaintiff's contentions as asserted against the verdict in favor of defendant Edward Napravnik.

■ Essentially, plaintiff contends that the jury's verdict was against the manifest weight of the evidence in absolving Napravnik of liability in this case. The applicable rule to be applied is that in order for a reviewing court to hold that a contrary verdict should have been reached, an opposite conclusion from the evidence must be clearly apparent and it is not sufficient that a jury could have drawn different inferences from the evidence. Gary v. Rogers, 104 Ill App2d 154, 243 NE2d 665 (1968); E. A. Meyer Const. Co. v. Drobnick, 49 Ill App2d 51, 199 NE2d 447 (1964); Stone v. Guthrie, 14 Ill App2d 137, 144 NE2d 165 (1957). Accordingly, we must examine the facts and circumstances of the instant case to reach a decision on this issue.

Our reading of the record discloses that Napravnik testified that on the afternoon of September 21, 1962, he was driving his automobile eastbound on Grand Avenue, which has three lanes for each direction of travel; that he was proceeding in the lane closest to the center line when he stopped for a traffic signal at Sayre Avenue and Grand Avenue; he then proceeded east in this lane from the traffic light for about 75 to 100 feet until he saw the car driven by Margaret Valenzia, which was coming at him in his lane of traffic; he then slammed on his brakes and the Valenzia car was beginning to turn left, as if to head south, when the collision occurred. Margaret Valenzia, the driver of the car in which plaintiff was riding, said she had stopped on Grand Avenue

in the westbound lane in order to make a left turn into a parking lot; that she observed Napravnik's car stopped at the light but that she never looked in that direction from the time she started to make her turn until the collision took place. The plaintiff established that she had accepted a ride from her co-worker Valenzia, and that the latter was attempting to make a left turn into a driveway off Grand Avenue at the time of the collision. Plaintiff could not estimate the speed of Valenzia's automobile nor that of the Napravnik car. She saw Napravnik's car at the time of the impact and was facing east on Grand Avenue when the impact occurred.

From this state of evidence, we cannot conclude that an opposite conclusion from the jury's deliberations is apparent. On the contrary, we believe the verdict in favor of Edward Napravnik is amply supported by the summary of facts we have discussed. Therefore, we affirm the judgment in favor of Edward Napravnik and against Judy DeFranze.

We hold that the decision of the Circuit Court of Cook County should be affirmed as to both appeals involved in this case.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.