**Irene Sutton, a Minor, by Jean Sutton, Her Guardian and Next Friend, Plaintiff-Appellee, v. The Peoples Gas Light & Coke Company, a Corporation, and Phillip Corbett, Defendants-Appellants.**

**Gen. No. 53,428.**

First District.

January 23, 1970.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (George J. O'Grady, Robert W. Bartlett, and R. Marlin Smith, of counsel), for appellants.

Cooney & Stenn, of Chicago (John Navigato and William J. Harte, of counsel), for appellee.

MR. JUSTICE SMITH delivered the opinion of this court.

The first trial of this case resulted in a mistrial and unfortunately the second trial must share the same fate. The trial court entered a judgment on a verdict of the jury in favor of the plaintiff for $20,000. The occurrence events are in basic dispute and in our consideration of the case the facts become immaterial. Generally speaking, the plaintiff was a seven-year-old girl who ran out into the street and whose right foot was run over by the defendant truck driver. On the record as it now stands the weight of the evidence and the credibility of the witnesses in this case are solely for the jury. The principal error requiring a new trial centers around the special interrogatories submitted to the jury.

The first interrogatory was "Was the defendant, Phillip Corbett guilty of negligence that proximately contributed to cause the occurrence in question?" Interrogatory No. 2 reads "Do you find from the evidence that at, and immediately prior to the occurrence in question, the plaintiff was guilty of any contributory negligence which was proximate cause of her injury?" The jury returned a general verdict for $20,000, answered interrogatory No. 1 "Yes" and interrogatory No. 2 "No." The answers to the interrogatories were thus consistent with the general verdict.

Plaintiff's counsel in closing argument stated:

"Folks, the Court may give you some special interrogatories and I would like to make mention of

one of those. One of those questions asks you 'Was the plaintiff in this case guilty of contributory negligence?' Well, I might say this to you folks, if you answer that question 'yes' then no matter what the verdict is that you want to give or will give on the large form of verdict you will be asked to sign, if you answer that question 'yes' that she was, no matter what else you say this little girl will get nothing.

"Mr. O'Grady: I object to that argument, if the Court please, it is entirely improper.

"The Court: He has a right to indicate that, sir.

"You may proceed.

"Mr. Navigato: Thank you, your Honor. No matter what else you say, if you mark that 'yes' she gets nothing. No matter what you want to say or what you will say, please keep that in mind."

In submitting these interrogatories, the court stated orally the following:

"These special interrogatories referred to by counsel are to be consistent with your verdict. Whatever your verdict is these must be consistent with it. . . ."

Defense counsel objected to this statement on the grounds that (1) it was error to orally instruct the jury and (2) to tell the jury that "their answers to the special interrogatories must be consistent." In response to this, the court stated:

"Let the objection be noted, and the Court will overrule it. I think it is about time somebody said something about that. We throw these matters at a Jury, and they're not lawyers, somebody has got to tell them. Maybe you're right, but they've got to be told."

 The plaintiff tacitly concedes that the procedure just outlined is contrary to established law by seeking to bypass the cases on the theory that her statement in rebuttal was induced by defense counsel's emphasis on the special interrogatories in his closing argument. We have read the closing argument of defense counsel as abstracted and note that he discussed the occurrence events and the occurrence facts concerning interrogatory No. 1. "I submit . . . that your answer has to be 'No,' it can't be anything else." He likewise repeated the second interrogatory and then discussed the evidence of negligence in detail. This was proper. His discussion of the evidentiary facts would have been perfectly proper with or without interrogatories. In discussing the interrogatories, defense counsel properly argued the evidence as it related to plaintiff's contributory negligence and the evidence as it related to the defendant's negligence. Such arguments cannot be said to have induced either the remarks of the plaintiff's attorney or the remarks of the trial judge nor were they calculated to do so. Such remarks have been repeatedly characterized as reversible error requiring a new trial. Sommese v. Maling Bros., Inc., 36 Ill2d 263, 222 NE2d 468; Swanson v. Chester Johnson Elec. Co., 5 Ill App2d 175, 125 NE2d 304; Mathes v. Basso, 104 Ill App2d 237, 244 NE2d 362. In Sommese, the plaintiff without objection stated that the jury should harmonize its answer to the interrogatory with the verdict so as not to deprive this woman of any right to recovery. Notwithstanding no objection was made, the Supreme Court held that the error was so seriously prejudicial as to prevent the defendant from receiving a fair trial. In Swanson, the trial court stated orally to the jury that the verdict you reach should be compatible with the interrogatories. This statement was held to be prejudicial error. The case at

475

bar suffers from both disabilities and the authorities cited mandate a new trial.

In view of our holding, it is not necessary to discuss at length other errors which are assigned. One deals with some hanky-panky about a couple of witnesses that the plaintiff did not call, but who had testified on the previous trial and who had been in the courtroom during the early part of this trial, but were not available after the plaintiff failed to call them. Defendant's assumption that they would be available if and when he wanted them to testify leaves to others the control of his evidence. It is true that he did make ten or eleven efforts to subpoena the witnesses after the plaintiff did not call them, but without avail. No motion for continuance was made nor is their absence chargeable to the plaintiff. He now asserts their testimony would have mandated a directed verdict in his favor. Perhaps this situation will not occur on the next trial.

In addition, there were other children present in the area and argument was made that the reason they weren't called was that they would be adverse to the plaintiff. Plaintiff then suggested that he had given the list of names to the defendant and the defendant could have called them. Both attorneys departed from the record and neither can complain of the action of the other in this respect.

For the reasons assigned, this cause is reversed and remanded to the trial court for further proceedings in conformity with this opinion.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.