EVELYN M. OOTHOUDT, Admr. of the Estate of Gordon W. Oothoudt, Deceased, Plaintiff-Appellant, *v.* BILLY R. WOODARD, Defendant-Appellee.

(No. 70-146;

Second District—May 5, 1971.

Geo-Karis & Thompson, of Zion, for appellant.

Bruce E. Kaufman, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The Circuit Court of Lake County entered judgment for defendant in this action brought to recover damages for the death of plaintiff's decedent in an automobile collision allegedly caused by defendant's negligence. The case was tried before a jury that returned a general verdict for defendant, a special finding that plaintiff's decedent was not free from contributory negligence, and a general verdict for plaintiff signed by all

jurors but marked in hand printing: "In The Presence Of All Jurer's [sic] We Void This Form." The record contains no transcript of the return of verdicts in open Court nor any attendant facts on the voiding of the general verdict for plaintiff.

On appeal, plaintiff claims the general verdict for defendant and special finding of contributory negligence are against the manifest weight of the evidence and maintains as a matter of law, that defendant was guilty of negligence and plaintiff free from contributory negligence. We have examined the record in the light of these claims.

The collision occurred December 23, 1966, shortly after 9:00 P.M. at the intersection of Lewis Avenue and 33rd Street, near Zion, Illinois. The intersection was lighted by an overhead lamp, hanging in the center, which one witness described as a mercury vapor light.

Defendant approached the intersection southbound on Lewis Avenue, the preferred highway. In the direction of his travel, speed was reduced from 55 m.p.h. to 45 m.p.h. by a speed limit sign 415 feet north of the north edge of the intersection. Plaintiff's decedent came westbound on 33rd Street, and there were stop signs to halt traffic entering from 33rd Street.

The passenger in plaintiff's decedent's car testified that he first saw the defendant's car 1000 feet to the north and that he "imagined" it was traveling 55 m.p.h.; that he did not hear the squealing of tires; but that he "estimated" the speed of defendant's car at the moment of impact was 65 m.p.h.

The defendant testified that he applied his brakes 40 to 50 feet north of the intersection. However, the deputy Sheriff who investigated the accident testified that he measured the skid marks extending north and south on Lewis Avenue and that they extended from 2 feet south of the center line of 33rd Street northward for a distance of 112 feet. Yet the passenger in plaintiff's decedent's car testified that he did not hear the squealing of tires before the collision. The defendant further testified that he was traveling at a speed of 55 m.p.h. when he was 1000 feet north of the intersection, that being the posted speed. Defendant further estimated his speed after he had applied his brakes and at the moment of impact at between 20 and 30 m.p.h

Willard Alroth, a consulting traffic engineer, testified for plaintiff as an expert witness concerning a field study of the intersection made that day when it was bright and clear. A profile survey measuring the grade of Lewis Avenue indicated a slight downgrade from 33rd Street north about 500 feet to a low point 3.4 feet lower than 33rd Street, and then an upgrade north to a crest near 31st Street which was 12.4 feet higher than 33rd Street, and between 1300 and 1400 feet north of 33rd Street. Line of

sight studies were made from 31st Street down to 33rd Street, and from the point on 33rd Street where a person seated in a car stopped at the sign on 33rd Street could first see another car coming south on Lewis. A car stopped at the sign on 33rd Street could be viewed during the entire course of travel from the crest at 31st Street all the way down to 33rd Street.

■■ Illinois has rather carefully preserved the distinction between an evidentiary situation which requires a new trial because the verdict is against the manifest weight of the evidence and one justifying direction of verdict or judgment *non obstante verdicto*. There are excellent reasons for the differentiation as a more nearly conclusive evidentiary situation ought to be required before a verdict is directed than is necessary to justify a new trial. *Pedrick v. Peoria & E. R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.

■■■ In an exhaustive opinion analyzing the earlier reasonable man principle and the any-evidence test and reviewing the law of other states, a new general rule was announced in *Pedrick*. It is that verdicts ought to be directed and judgments *non obstante verdicto* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to opponent so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. Moreover, different standards are not to be applied in the trial court and the reviewing court as:

> "Logic demands that one rule govern both the direction of verdicts and determination of the presence or absence of negligence or contributory negligence as a matter of law, for in both situations the issue is whether a court or the jury should decide the negligence issue." *Pedrick & E. R. Co., supra,* at 510.

■■ Although the evidentiary requirement is less rigorous, a jury's verdict should be overruled as being against the manifest weight of the evidence only where it is clearly and palpably erroneous. *De Franze v. Valenzia* (1969), 118 Ill.App.2d 306, 311, 254 N.E.2d 822; *Wallis v. Villenti* (1954), 2 Ill.App.2d 446, 452, 120 N.E.2d 76.

We have carefully considered this record, the burden of proof, the respective duties of care, and the results of the jury's deliberations in the light of these requirements for findings as a matter of law, or for new trial because the verdict is against the manifest weight of the evidence.

The jury was instructed without objection that it could consider any violation of statute on general speed restrictions (Ill. Rev. Stat. 1965, par. 146a) or right-of-way (Ill. Rev. Stat. 1965, par. 167b) in determining whether a party was negligent.

■■ By his own testimony, defendant was exceeding the speed limit of

45 m.p.h. which was posted 415 feet north of the intersection. He said his car was traveling between 50 m.p.h. and 60 m.p.h. just north of the intersection when he saw the car of plaintiff's decedent at the center of Lewis, in the process of making a left turn. He had a duty to maintain a lookout and decrease speed as necessary to avoid a collision.

■■ He cannot shed these duties simply by driving upon a preferred highway for he does not have an unqualified right-of-way regardless of circumstances, distances, or speed. He may not plunge blindly ahead or proceed into obvious danger. Rather, there is a duty upon such a driver to observe due care in approaching and crossing intersections and to drive as a prudent person would to avoid a collision when danger is discovered, or by exercise of reasonable care, should have been discovered. *Conner v. Mc Grew* (1961), 32 Ill.App.2d 214, 177 N.E.2d 417; *Pennington v. McLean* (1959), 16 Ill.2d 577, 158 N.E.2d 624; *Hale v. Cravens* (1970), 263 N.E.2d 593, 129 Ill.App.2d 466.

Although many cases appear to hold that the driver who does not maintain a proper lookout for traffic ahead is negligent, it does not follow and they do not hold that every person who is struck by such a driver is free of contributory negligence and entitled to recover as a matter of law. *Cook v. Boothman* (1960), 24 Ill.App.2d 552, 165 N.E.2d 544.

■■ Plaintiff's decedent too, had a statutory duty. It was to yield the right-of-way. We agree this duty does not confer upon the other party an absolute right-ofway regardless of circumstances nor require a stop at a stop sign long enough to permit any car that can be seen upon the highway to pass regardless of its distance from the intersection. It is required only that the motorist confronted by a stop sign may, exercising reasonable care, proceed across the intersection after he has stopped and yielded the right-of-way to such vehicles on the through highway as constitute an immediate hazard. The Court in *Pennington, supra,* so viewed this duty, and went on to say:

"The Illinois decisions, however, do not provide a precise formula for determining whether a particular vehicle has conformed to set standards; that question must be determined by the jury [Citation.] and involves considerations as to relative speeds and distances of the vehicles from the intersection." *Pennington v. McLean, supra.*

■■ Negligence, contributory negligence and due care, may be proven by direct testimony, reasonable inferences and circumstantial evidence. Of the cases cited by Plaintiff, only one makes a finding of negligence, as a matter of law. *Crowe Name Plate and Mfg. Co. v. Dammerich* (1935), 279 Ill.App. 103) and this Court has previously declined to extend the rule of Crowe; *Quigley v. Crawford* (1958), 19 Ill.App.2d 454, 153 N.E.2d 867 where this court stated:

"To permit a Court to hold that a plaintiff is guilty of contributory negligence as a matter of law, all reasonable minds must agree from the evidence with all reasonable inferences to be drawn therefrom in plaintiff's favor that the plaintiff was guilty of contributory negligence. It is an accepted maxim that anything short of that standard resolves itself into a question of fact solely within the province of the jury."

This principle is exactly the same when we are asked to hold the plaintiff NOT guilty of contributory negligence as a matter of law.

Viewing all the evidence most favorable to defendant, as the *Pedrick* rule provides, we cannot say a verdict for defendant can never stand; nor can we say as a matter of law that defendant was negligent and plaintiff's decedent was free from contributory negligence. Nor can we say the jury's verdict and special finding were against the manifest weight of the evidence. They are not clearly and palpably erroneous and have a basis in the record.

The judgment is affirmed.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.