RICHARD THOMAS, Plaintiff-Appellee, *v*. ERNEST DALPOS *et al.*, Defendants.—(GLORIA DALPOS, Defendant-Appellant.)

(No. 60083; 

First District (5th Division)—February 28, 1975.

John T. Burke, of Chicago (Dennis M. Michalek, of counsel), for appellant.

Marshall I. Teichner, Ltd., and Robert Q. Hoyt, both of Chicago (Edwin A. Strugala, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a verdict and judgment for plaintiff, against Gloria Dalpos (defendant), resulting from personal injuries received in a collision between plaintiff's motorcycle and an automobile operated by defendant.[1] On appeal, defendant contends that (1) comments by plaintiff's attorney in closing argument regarding the special interrogatory were improper; (2) certain statements by plaintiff's counsel during closing argument were highly prejudicial and deprived her of a fair trial; (3) plaintiff was guilty of contributory negligence as a matter of law; (4) the court erred in giving and refusing certain instructions; and (5) the verdict is against the manifest weight of the evidence.

During the trial, the court submitted the following interrogatory tendered by plaintiff, which was answered, "No" by the jury:

"Do you find from the evidence that at and immediately prior to the collision in question the plaintiff was guilty of any contributory negligence which was a proximate cause of his injuries?"

In his final argument to the jury, counsel for plaintiff stated:

"If you find for Richard Thomas, and then you answer the special interrogatory that he was not in the exercise of due care, then you have contradicted your verdict; and that is illogical; and that I don't want you to do. Based upon your findings, if you find for Richard Thomas, then you have got to answer the special interrogatory that, indeed, under the circumstances that night he exercised due care for his own safety. Otherwise you contradict your verdict, and that gets us nowhere."

No objection was made to this argument, but it was asserted as error in defendant's post-trial motion.

The leading authority in Illinois on the degree of latitude allowed in closing argument concerning a special interrogatory appears to be *Sommese v. Maling Brothers, Inc.*, 36 Ill.2d 263, 222 N.E.2d 468. There, in final argument and without any objection made, plaintiff's attorney informed the jury that the special interrogatory supersedes the verdict, that it had been "slipped in" by defendant and that the jury should harmonize its answer to the interrogatory with the verdict so as not to "deprive this woman to any right of recovery." The court held such remarks to be improper in that (1) they informed the jury of the source of the interrogatory; and (2) they defeated the purpose of the special interrogatory by advising the jury that its answer thereto should conform

---

[1] A directed verdict was entered on behalf of Ernest Dalpos, owner of the automobile, from which no appeal has been taken.

to the general verdict so as to protect the latter without regard to the evidence.

In *Sommese*, as here, the error was raised for the first time on the post-trial motion. That court, in considering the assignment of error, quoted from *Belfield v. Coop*, 8 Ill.2d 293, 134 N.E.2d 249:

> " 'If prejudicial arguments are made without objection of counsel or interference of the trial court to the extent that the parties litigant cannot receive a fair trial and the judicial process stand without deterioration, then upon review this court may consider such assignments of error, even though no objection was made and no ruling made or preserved thereon.' " 36 Ill.2d 263, 268.

In reversing and remanding, the *Sommese* court stated:

> "It is generally recognized that the function of a special interrogatory is to require the jury's determination as to one or more specific issues of ultimate fact and is a check upon the deliberations of the jury. 'Special interrogatories are used for the purpose of testing the general verdict against the jury's conclusions as to the ultimate controlling facts.' *Wise v. Wise*, 22 Ill.App.2d 54, 58.
>
> * * *
>
> It is clear that plaintiff's attorney improperly alerted the jury to the fact that its decision to assess damages would be nullified by an affirmative answer to the interrogatory. Thus, the safeguard against a jury awarding damages out of passion or prejudice or sympathy without first making specific factual determinations and then applying the law thereto was thwarted." 36 Ill.2d 263, 267-8.

In support of its decision, the *Sommese* court cited *Westbrook v. Chicago & Northwestern Ry. Co.*, 248 Ill.App. 446, and *Swanson v. Chester Johnson Electric Co.*, 5 Ill.App.2d 175, 125 N.E.2d 304. In *Westbrook*, plaintiff's counsel suggested certain answers to two special interrogatories and told the jury that having so answered, "Then your verdict will stand just as you find it." In reversing, the *Westbrook* court enunciated the following rule:

> "It is improper for counsel to ask the jury to answer the special interrogatories so that they may agree with their general verdict or to discuss the legal effect of their answers to special interrogatories or their bearing on their general verdict." (248 Ill.App. 446, 450.)

In *Swanson*, the trial court was reversed because the jury was instructed that "[t]he verdict you reach should be compatible with the interrogatories." We note also that in *Mathes v. Basso*, 104 Ill.App.2d 237, 244 N.E.2d 362, it was held to be reversible error for the court to have instructed the jury that the special interrogatory should be "consistent"

with the general verdict. Likewise, in *Sutton v. Peoples Gas, Light & Coke Co.*, 119 Ill.App.2d 471, 474, 256 N.E.2d 19, the court held it was error for the court to have instructed that:

> " 'These special interrogatories referred to by counsel are to be consistent with your verdict. Whatever your verdict is, these must be consistent with it. * * *' "

Reversal in *Sutton* was predicated also upon counsel's statement to the jury that a certain answer to the special interrogatory would preclude plaintiff's recovery:

> " '* * * Well, I might say this to you folks, if you answer that question "yes" then no matter what the verdict is that you want to give or will give on the large form of verdict you will be asked to sign, if you answer that question "yes" that she was, no matter what else you say this little girl will get nothing. * * *' " 119 Ill.App.2d 471, 474.

Here, plaintiff refers us to *DeFranze v. Valenzia*, 118 Ill.App.2d 306, 254 N.E.2d 822, and *Moore v. Checker Taxi Co.*, 133 Ill.App.2d 588, 273 N.E.2d 514. In *DeFranze*, it was held not to be reversible error for plaintiff's counsel to make the following argument:

> " '* * * If you find that the judgment should be against the Ford and the Lincoln, then you sign the verdict against both of them, and you also sign the Special Interrogatory. And I ask you to sign it "yes" because you have already found her responsible in your verdict against both of them.' " (118 Ill.App.2d 306, 308-09.)

In ruling on the question, the court stated at page 310:

> "Looking at the closing argument as a whole, we feel that plaintiff's counsel was properly suggesting the answer that the jury should reach on the special interrogatory. We do not find that counsel was urging that the jury's answer to the special interrogatory should conform or be in agreement with the general verdict."

In *Moore*, plaintiff's attorney stated in closing argument:

> " '* * * [O]ne of the inquiries that will be given you by His Honor, Judge Paschen, is a special interrogatory which says, "Do you find that the Plaintiff, Allen Moore, was guilty of any negligence which proximately contributed to the cause of the injury complained of?" If you believe that he was not guilty of negligence that caused this accident, you should answer "No" to that inquiry, because if Allen Moore was guilty of negligence, then he can't recover and they are right.' " (133 Ill.App.2d 588, 582.)

The *Moore* court went on to say that this form of argument was proper in that counsel did no more than merely suggest how the special interrogatory should be answered, holding at pages 592-593:

"It is reversible error for the jury to be told that the answer to the special interrogatory must be in conformity with the general verdict. (*Sommese v. Maling Bros., Inc.* (1966), 36 Ill.2d 263, 222 N.E.2d 468.) However, Moore's attorney did not, as the defendant contends, violate this proscription. He did not tell the jury that if damages were to be awarded to Moore, the interrogatory must be answered in the negative so that the verdict and the answer to the interrogatory would conform with each other. As long as the attorney refrains from stating that the answer to the interrogatory should agree with the general verdict, he has the right to suggest how it should be answered. [Citations.] Moore's attorney did no more than this."

■■ Thus, in the light of the cases reviewed, we believe that the applicable rule of law is that counsel may properly suggest the answer to a special interrogatory but may not ask that it conform, agree with or be consistent with the general verdict, nor may counsel discuss the legal effect of the answer or its bearing on the general verdict. It necessarily follows that it would be error for counsel to use a negative approach by asking or suggesting that the answer to the special interrogatory not be inconsistent with or, as here, not contradict the general verdict.

■■ Here, counsel violated the proscriptions of the rule when he argued (1) "If you find for Richard Thomas, and then you answer the special interrogatory that he was not in the exercise of due care, then you have contradicted your verdict; and that is illogical; and that I don't want you to do"; and (2) "Based upon your findings, if you find for Richard Thomas, then you have got to answer the special interrogatory that, indeed, under the circumstances that night he exercised due care for his own safety. Otherwise, you contradict your verdict, and that gets us nowhere." We are of the opinion that these comments asked the jury to conform its answer to the general verdict. We believe that the comment concerning the special interrogatory was error, requiring reversal.

Since this case must be retried, one other contention merits discussion. At trial, a major question in the case involved the extent of plaintiff's injury which proximately resulted from this occurrence as opposed to a prior accident involving a trauma to the same leg. Plaintiff contended the former injury was completely cured at the time of the second accident. The defense sought to prove that a major portion of the total damage claimed resulted from the first accident and was present at the time of the second injury. Thus, defendant contended she would only be liable to the extent her negligence may have aggravated the preexisting injury. Accordingly, in his closing argument, plaintiff's counsel in an

attempt to minimize the value of the testimony of Dr. Markin, the defense's principal witness, stated:

"John Burke [defendant's attorney] has used Dr. Markin before. Dr. Markin testifies all the time. John Burke has had a problem in this case. How do I persuade the jury that it is all the '67 accident, and thereby, I win the case.

Burke had that problem, so he got Dr. Markin, whom he uses all the time, in here to tell you that. If you believe it, why, then you have got to award relatively minor damages in this case.

It is in Dr. Markin's interest to work with John Burke. I'm not talking about medically, I am talking about legally. And that is a matter of integrity. If he can get a doctor to come in and resolve doubts every time in favor of the defendant, then they have got to make money together. And that, frankly,—

Mr. Burke: I object to that.

The Court: I will sustain the objection.

Mr. Burke: And I ask that the jury be instructed to disregard those remarks.

Mr. Hoyt: Disregard which remarks?

Mr. Burke: 'Making money together.'

The Court: That's right.

Mr. Hoyt: Well, he is making $50 an hour.

The Court: I agree with Counsel."

■■ We find no evidence in the record to support this type of comment. In essence, plaintiff's counsel was suggesting that defense counsel had suborned perjury. Such conduct is highly improper. (See *Rudolph v. City of Chicago,* 2 Ill.App.2d 370, 119 N.E.2d 528.) Further, as expressed in *O'Gallagher v. Finkel,* 7 Ill.App.2d 296, 129 N.E.2d 345 (abstract opinion), at page 8 of the court's opinion:

"The inferences intended to be drawn from these statements, charges and insinuations by defendant's counsel were no part of the case. Plaintiff's lawyers were not on trial for alleged unethical and unlawful conduct. These were serious charges. Even if not so designed, their effect was such as to inflame and incite prejudice in the minds of the jurors toward plaintiff and her counsel."

See also *Vujovich v. Chicago Transit Authority,* 6 Ill.App.2d 115, 122-123, 126 N.E.2d 731, 735, where the court stated:

"[T]he constitutional right of trial by jury is not a license to counsel to indulge in abusive and prejudicial conduct to gain a verdict, nor does it grant any privilege to embarrass, belittle, and abuse an adversary before a jury to such an extent that the hope of the

adversary to obtain respectful consideration at the hands of the jury is destroyed or seriously jeopardized."

■■ Regarding the remaining issues, after examining all the facts of the case, we feel that the question of contributory negligence was properly a question for the jury. Further, we find that the verdict was not against the manifest weight of the evidence and that there was no error in the instructions submitted to the jury.

The judgment is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and LORENZ, JJ., concur.