## Leopold Schlesinger and David Mayer v. Belle Rogers.

1. LEADING QUESTIONS—*What Are and What are Not.*—A question is not necessarily leading, because it can be answered by yes or no. If it also suggests the desired answer, or leads the witness to the answer, then it is leading.

2. INSTRUCTIONS—*As to the Weight to be Given to the Testimony of a*

*Party.*—In a case where there is a sharp conflict of evidence and it is important that the jury should be correctly instructed, it is error to refuse to instruct that in considering the weight to be given to the testimony of the plaintiff, they have a right to take into consideration that such testimony is given by the plaintiff in the suit.

3. ATTORNEYS—*Rights in Argument Before the Jury.*—Counsel have the right within reasonable and proper limits, in argument before the jury, to call attention to the evidence which, in their judgment, tends to establish the facts the jury are asked to find, either specially or by the general verdict, provided such argument is confined to pointing out the evidence. Mere statements of counsel and requests to the jury to give specific answers not supported by evidence, are, like any other attempts to mislead a jury, always improper.

**Assumpsit,** for services, etc.   Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendants.   Heard in this court at the October term, 1898.   Reversed and remanded.   Opinion filed March 14, 1899.

MORAN, KRAUS & MAYER, attorneys for appellants.

CASE & HOGAN, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover under an alleged contract of employment.   She claims to have been engaged by appellants for the period from September 17, 1894, until April, 1895, and that she was to receive a salary of $18 per week, except during February and March, when she was to receive $12 a week.   Appellant's version is, that she was not engaged for any specified time, and that her discharge at the end of one week was owing to incompetency and refusal to do the work for which she was hired.

The contract was verbal, and the testimony as to whether the engagement was for any specific or definite time is conflicting.   The arrangement was made between the appellee and one Mrs. Hull, who was in charge of the millinery department of appellants.

The question was put by appellants' counsel to Mrs. Hull, "Was there anything said as to how long she was to be

employed ? " The witness answered " No." An objection was made by opposing counsel to this question and answer, which was sustained. The answer was stricken out, and to this ruling appellants excepted.

The question was apparently considered leading. A question is not necessarily leading, because it can be answered by yes or no. If it also suggests the desired answer, or leads the witness to the answer, then it is leading. See Bouvier's Law Dictionary, title, Leading Question.

In the present case we think the question and answer should have been allowed to stand. The witness had already been asked to state what was said by appellee and herself with reference to the terms of her employment, and having answered, it was permissible to direct her attention to the particular matter upon which her evidence was sought. But such questions are so largely within the discretion of the trial court, and it is so easy to repeat a question, avoiding any doubt as to its propriety in this respect, that we should not feel inclined to reverse on that ground. In this case it would have been easy to change the question in accordance with the court's suggestion that the proper form was, " What, if anything ? " The witness was subsequently asked whether either she or appellee said anything further with reference to the length of time appellee was to be employed, and answered they did not, thus practically supplying the answer which had been stricken out.

Objection is made to the refusal of appellants' instruction, as follows :

" The jury are instructed that in considering the weight to be given to the testimony of the plaintiff, Belle Rogers, you have a right to take into consideration that such testimony is given by the plaintiff in this suit."

This instruction was proper; and where, as in this case, there is a sharp conflict of evidence and it is important that the jury should be correctly instructed, its refusal was error. West Chi. St. R. R. Co. v. Dougherty, 170 Ill. 379–382.

We do not regard the refusal of the defendants' fourth

instruction as erroneous.    Witnesses must have equal opportunities for knowing the facts, as well as equal intelligence, truthfulness and fairness, if their number is to create a preponderance.

The refusal of other instructions is objected to, but the reasons for objection are not pointed out.

It is contended that appellee's counsel was improperly permitted to tell the jury what answers they should, in his opinion, make to the questions submitted for special findings.

Counsel have the right, within reasonable and proper limits, in argument before the jury, to call attention to the evidence which, in their judgment, tends to establish the facts the jury are asked to find, either specially or by the general verdict; provided such argument is confined to pointing out the evidence.    Mere statements of counsel and requests to the jury to give specific answers not supported by evidence, are, like any attempts to mislead a jury, always improper.

As the case must be sent back for new trial, we forbear further comment.

For the reasons indicated, the judgment must be reversed and the cause remanded.