**Martha Wise, Administrator of the Estate of Delila Hayden, Deceased, Plaintiff-Appellant, v. John Wise, Jr. and Alton and Southern Railroad, Defendants-Appellees.**

Term No. 59–F–6.

Fourth District.

May 7, 1959.

Released for publication July 16, 1959.

ⁱ See Callaghan's Illinois Digest, same topic and section number.

■■■■■■■

Nick D. Vasileff, of Madison, and Gilbert Rosch, of Granite City, for plaintiff-appellant.

Green and Hoagland, of Alton (James K. Almeter, of counsel) for John Wise, Jr., defendant-appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff brought this suit as administrator, alleging that the defendant-appellee was guilty under the Wrongful Death Act by reason of his acts as driver of an automobile in which the deceased was riding as a guest. A railroad company was also joined as defendant, because the car had collided with a train. The complaint charged the railroad with negligence, and the appellee with wilful and wanton misconduct.

It appears that the jury found the railroad not guilty, which is not involved on this appeal. It also returned a verdict against this defendant in the sum of $2745. The trial court disregarded the verdict because it was inconsistent with the jury's answers to special interrogatories and entered a judgment for the defendant.

On this appeal the only errors assigned are to the effect that the trial court erred in giving the special interrogatories to the jury. None of the evidence is abstracted nor the instructions nor any rulings of the court, except the post-trial orders; therefore, none of this material is considered by this court. The special interrogatories complained of and the answers of the jury thereto are as follows:

(1) "Was the defendant, John Wise, Jr., guilty of wilful and wanton misconduct which proximately caused or contributed to cause the death of Delila Hayden?" Answer: "No."

(2) "Was the defendant, John Wise, Jr., guilty of negligence which proximately caused or contributed

to cause the death of Delila Hayden?" Answer: "Yes."

(3) "Did the defendant, John Wise, Jr., intentionally omit the performance of any duty or intentionally operate his vehicle without due care so as to cause or contribute to cause the death of Delila Hayden?" Answer: "No."

No objection is made to the first question, and since it is clearly inconsistent with a general verdict for the plaintiff if this question had been thus asked and answered by itself, certainly the court would have had no alternative but to set aside the verdict. But the appellant contends that the second question concerning negligence was not an issue in the case against this defendant and that the third question is an incorrect definition of wilful and wanton misconduct and it is argued the jury was confused.

It appears from the pleadings as they are abstracted that the complaint charged this defendant with wilful and wanton acts and omissions in certain particulars, the last of which is as follows: "That the defendant in other ways negligently and carelessly operated his said automobile so as to cause it to collide with the train of the defendant Alton & Southern Railroad." This defendant's answer not only denied all of the charges of wilful and wanton misconduct as such, but further answered asserting that the acts complained of "were only unintentional acts of negligence," and further alleged that said acts "were not wilfully and wantonly committed, but were only unintentional acts of negligence." Plaintiff took issue on these allegations by filing a reply thereto.

These issues were made by the pleadings. It is the legislative policy of this state that a driver is not liable to a guest for negligence; the liability is limited to injuries caused or contributed to by the "wilful and wanton misconduct of the driver." Ill. Rev. St. Ch.

57

95½, Sec. 9—201. In order to recover, the guest must prove that the occurrence which resulted in his injury was caused by the host's wilful and wanton misconduct. Bartolucci v. Falleti, 382 Ill. 168, 46 N.E.2d 980; Thillman v. Early, 340 Ill. App. 538, 92 N.E.2d 346.

■■ The cited statute would have no effect if a momentary lapse of attention, or inadvertence in the use of faculties, such as constitutes negligence, could be called wilful and wanton misconduct. The latter requires a *conscious* indifference to danger, and has been repeatedly referred to as an intentional disregard of a known duty necessary to the safety of others. Clark v. Hasselquist, 304 Ill. App. 41, 25 N.E.2d 900; Bartolucci v. Falleti, 314 Ill. App. 551, 41 N.E.2d 777, affirmed in 382 Ill. 168, 46 N.E.2d 980; Martin v. Cline, 15 Ill.App.2d 269, 145 N.E.2d 505. The third special interrogatory cannot be held error.

■ The jury in this case heard charges of negligence against a railroad company and charges of wilful and wanton misconduct against this defendant. They found the company not guilty, and that the negligence of this defendant proximately caused the death, but that his conduct was not wilful and wanton, and was not an intentional omission of duty. All of these decisions are consistent, and show a recognition of the distinctions. In the absence of any showing to the contrary, it is assumed that the given instructions were correct, so that no prejudice is shown.

Plaintiff has cited a number of cases concerning the use of special interrogatories, but we do not regard them as applicable to this case, nor sufficiently close to require analysis.

■■ Special interrogatories are used for the purpose of testing the general verdict against the jury's conclusions as to the ultimate controlling facts. 35 ILP, Trial, Sec. 331–339. The statute expressly provides that the answer to the special interrogatory con-

trols the general verdict. Ill. Rev. St., Ch. 110, Sec. 65. This statute would be completely nullified if a court disregarded its mandate and ordered a new trial on the ground the inconsistency showed "confusion."

 The jury, either intentionally or carelessly, disregarded the court's instructions as to liability of this defendant, and returned a small verdict for plaintiff. The court correctly applied the law in such case, and also thereby indicated an opinion the judgment is not contrary to the manifest weight of the evidence, or otherwise unfair. There appearing no basis to overrule that decision, the judgment is affirmed.

Judgment affirmed.

CULBERTSON, J., concurs.