(No. 39776.—

MARY SOMMESE, Appellee, *vs.* MALING BROTHERS, INC., Appellant.

*Opinion filed Nov. 14, 1966.—Rehearing denied Jan. 17, 1967.*

KLUCZYNSKI, J., took no part.
HOUSE and KLINGBIEL, JJ., specially concurring.

JACOBS and MCKENNA, of Chicago, (LLOYD E. WIL-
LIAMS, JR., and BARRY L. KROLL, of counsel,) for appellant.

GUTHER & CHOKA, of Chicago, (JOHN M. JAMEWICZ,
of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

The plaintiff, Mary Sommese, sued the defendant,
Maling Brothers, Inc., in the circuit court of Cook County
for personal injuries alleged to have been sustained when
she, a prospective customer, fell in an entryway of defend-
ant's store. The jury returned a verdict of $25,000 in favor

of the plaintiff and judgment was entered thereon. Defendant appealed to the Appellate Court for the First District and that court affirmed the trial court. (*Sommese* v. *Maling Brothers, Inc.,* 65 Ill. App. 2d 223.) We granted leave to appeal.

It is not necessary to fully set forth the evidence at the trial as the appellate court opinion satisfactorily summarizes it. It is only necessary to say that on February 27, 1958, the plaintiff, who was 28 years old and whose left knee cap had been surgically removed about three months previously, walked three and one-half blocks to defendant's store in the Harlem-Irving Plaza on a rainy day. Upon looking into the front windows and seeing shoes that she wanted, she went into a covered foyer with an inclined entryway that led into the store. Her testimony is that she did not know that the floor was terrazo without an abrasive, or that such terrazo is hazardous when wet. She slipped, fell and was injured. An expert witness for the plaintiff testified that he failed to detect any abrasive material on the surface of the floor, and that, without any abrasive material, exterior terrazo floors, upon becoming wet, are very slippery and hazardous.

The defendant contends that as a matter of law the plaintiff is not entitled to recover because the plaintiff's evidence failed to establish that the construction or maintenance of the defendant's premises was negligently accomplished; that defendant had any knowledge of the alleged hazardous nature of its premises; and proximate cause. Defendant further insists the evidence shows that plaintiff's actions were the proximate cause of her injury, or that her injuries were the result of an accident for which nobody is to blame.

As to these matters the appellate court held that the plaintiff was not barred from recovery as a matter of law and that the trial court was correct in refusing defendant's motions for a directed verdict, and for judgment notwith-

standing the verdict. We do not consider it necessary to discuss the cases presented on this point as they are analyzed in the appellate court opinion. We believe that the appellate court was correct in its decision on this point and that, considering the evidence most favorable to the plaintiff, it was a jury question as to whether the defendant knew or should have known that the material used in the composition of the floor, upon becoming wet and damp, became very slippery and dangerous and that the defendant failed to warn the person lawfully on its premises of its unsafe condition. It is this feature of the condition of an outside terrazo floor which distinguishes this case from those cases in which recovery has been denied as a result of slipping and falling on a wet floor. This was clearly pointed out in the appellate court opinion.

It is also a contention of the defendant that the verdict is against the manifest weight of the evidence. Although there is a dispute in the evidence, upon examination of the record we conclude that the appellate court did not err in holding that the verdict was not against the manifest weight of the evidence.

A more serious question is presented by the claim of defendant that prejudicial error was committed by plaintiff's attorney in closing argument in explaining the significance and effect of a special interrogatory to the jury. This special interrogatory related to the issue of plaintiff's contributory negligence. In the final argument, without objection, plaintiff's attorney informed the jury that the special interrogatory had been "slipped in" by the defendant; that the answer of the jury to the special interrogatory supersedes the verdict; and that the jury should harmonize its answer to the interrogatory with the verdict so as not "to deprive this woman of any right to recovery." This argument improperly informs the jury of the source of the interrogatory, (*Williams* v. *Norman*, 347 Ill. App. 181,) and defeats the purpose of a special interrogatory by advising the jury to

conform its answer to its verdict so as to protect the verdict without regard to the evidence. (*Swanson* v. *Chester Johnson Electric Co.* 5 Ill. App. 2d 175; *Westbrook* v. *Chicago & Northwestern Railway Co.* 248 Ill. App. 446; *Schlesinger* v. *Rogers,* 80 Ill. App. 420.) The appellate court stated that the plaintiff's reference to the source of the special interrogatory was improper, but held that in the absence of a timely objection, the error was not so seriously prejudicial as to prevent the defendant from receiving a fair trial. It is noted that plaintiff's counsel has not contended that this argument was proper, but relies upon the propositions that it was not prejudicial and no objection was made.

It is generally recognized that the function of a special interrogatory is to require the jury's determination as to one or more specific issues of ultimate fact and is a check upon the deliberations of the jury. "Special interrogatories are used for the purpose of testing the general verdict against the jury's conclusions as to the ultimate controlling facts." *Wise* v. *Wise,* 22 Ill. App. 2d 54, 58.

In *Swanson* v. *Chester Johnson Electric Co.* 5 Ill. App. 2d 175, the appellate court reversed a judgment where the trial court had instructed the jury that "the verdict you reach should be compatible with the interrogatories," although the trial court had not told the jury of the effect of an inconsistent special finding. The court in that case stated: "The legislature presupposed that a jury in the free exercise of its functions might return interrogatories inconsistent with the general verdict. * * * We cannot with confidence speculate what effect the trial judge's statement, in the instant case, had on the jury. It may have answered the interrogatories as it did to protect its decision to assess damages. * * * We think the statement was prejudicial to a fair trial." 5 Ill. App. 2d at 178, 179.

Here as in the *Swanson* case the error was first raised in the post-trial motion. It is clear that plaintiff's attorney improperly alerted the jury to the fact that its decision to

assess damages would be nullified by an affirmative answer to the interrogatory. Thus, the safeguard against a jury awarding damages out of passion or prejudice or sympathy without first making specific factual determinations and then applying the law thereto was thwarted.

The same reasons underlying the decision in the *Swanson* case are applicable here, although the statement in the *Swanson* case was made by the judge in instructing the jury rather than by plaintiff's attorney in argument to the jury. Even if an objection had been made to the argument and sustained, defense counsel would be unable to overcome the fact that the jury had already obtained the forbidden information, not only as to the source of the interrogatory, but as to the effect of the interrogatory.

In *Belfield* v. *Coop*, 8 Ill.2d 293, 313, this court stated: "If prejudicial arguments are made without objection of counsel or interference of the trial court to the extent that the parties litigant cannot receive a fair trial and the judicial process stand without deterioration, then upon review this court may consider such assignments of error, even though no objection was made and no ruling made or preserved thereon." Such is the case here. We cannot agree with the appellate court that the error was not so seriously prejudicial as to prevent the defendant from receiving a fair trial. We hold that this argument requires that the cause be reversed and remanded for a new trial.

Since this case must be retried, we also consider the alleged error in the trial court's ruling that at least five inconsistencies between plaintiff's pre-trial deposition and her testimony at the trial did not raise the issue of possible impeachment. Plaintiff was the only occurrence witness to testify for herself and defendant produced several witnesses to contradict her testimony. It is clear that her credibility was an issue. An appropriate method of testing credibility of a witness is to show that at a prior time a witness has

made statements inconsistent with his or her trial testimony on material matters. (*Schneiderman* v. *Interstate Transit Lines*, 410 Ill. 172.) The appellate court found no abuse in the discretion of the court's ruling that her deposition answers as to the depth of water were not impeaching, but did not rule directly on other statements claimed to be impeaching. On trial she testified she had no idea how deep the water was in inches; that she couldn't honestly answer as to whether the entryway is on an angle in relation to level; that she couldn't remember if there was a puddle in the entryway; that it looked like there were footprints in the puddle; and that she didn't know that when marble like this gets wet, its gets slippery. Yet, in her deposition she testified that the water had accumulated maybe $\frac{3}{4}''$; that there was an angle; that the puddle began about halfway, "maybe"; that she didn't see footprints in the puddle; that it was wet and that type of stone gets very slippery. The trial court stated, "nothing that you gave is impeaching." For purposes of a new trial we find that the foregoing inconsistencies are impeaching.

A further contention of the defendant is that the trial court improperly refused to give defendant's requested instruction relating to the attack on a witness's credibility by evidence of prior inconsistent statements (I.P.I. 3.01), and by holding that a given instruction relating to credibility (I.P.I. 2.01) sufficed. As we have previously indicated, we think the totality of the inconsistencies between plaintiff's deposition and testimony concern enough material matters to warrant the giving of I.P.I. instruction 3.01 entitled "Impeachment By Prior Inconsistent Statement Or Conduct."

The contention that the trial court's attitude of impatience and unwarranted castigation of defendant's counsel in open court was improper and deprived defendant of a fair trial is not meritorious and deserves no comment.

For the reasons given, the judgment of the appellate court is reversed and the cause remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.

Mr. JUSTICE HOUSE, specially concurring:

I concur with the result in this case and most of what is said in the majority opinion, but I wish to make clear my position on one point which has been left uncertain.

The defendant contended in the trial court, the appellate court and this court that plaintiff could not recover as a matter of law because plaintiff's evidence failed to establish that defendant had any knowledge of the *alledged* hazardous nature of its premises. The trial court refused defendant's motion for a directed verdict and for judgment notwithstanding the verdict. In reviewing the correctness of the trial court's rulings on these motions, the appellate court considered, of course, only the evidence most favorable to the plaintiff. The appellate court stated, "The testimony of plaintiff's expert witness was to the effect that he failed to detect any abrasive material on the surface of the floor, and that without abrasive material, exterior 'terrazzo' floors, when wet, become slippery and are 'hazardous.' " (65 Ill. App. 2d 223-237.) This statement by the appellate court is not that a wet terrazzo floor without abrasive material is "hazardous," but *it is a statement of opinion by plaintiff's expert witness* which is considered alone only for the purpose of ruling on a motion for a directed verdict or judgment notwithstanding the verdict.

The majority opinion states that the appellate court correctly decided this point. It then goes on to say that, "* * * it was a jury question as to whether the defend-

ant knew or should have known that the material used in the composition of the floor, upon becoming wet and damp, became very slippery and dangerous and that the defendant failed to warn the person lawfully on its premises of its unsafe condition. It is this feature of the condition of an outside terrazzo floor which distinguishes this case from those cases in which recovery has been denied as a result of slipping and falling on a wet floor." I feel that this language can easily be interpreted to mean that a wet terrazzo floor without abrasive is "hazardous" as a matter of law. If we "know" this, certainly anyone with a terrazzo floor must "know" it, and if the person with such a "hazardous" floor invites the public upon it, I doubt that any warning of its "very slippery and dangerous" nature would relieve that person of liability.

The truth of the matter is that the entry in question was undoubtedly used by many persons in its wet condition and there are many such floors exposed to wetting conditions presently in use. The language used in the majority opinion could make any one having such a floor in a wetted condition an insurer against any injury sustained by a person slipping on the floor. We certainly should not go this far on the basis of this record.

As I read the appellate court opinion, it says no more than that whether a wet terrazzo floor without abrasive is "hazardous" at all, or hazardous enough to require a warning, is a jury question under the evidence presented in this case. With this I agree.

Mr. JUSTICE KLINGBIEL joins in this concurrence.