EUGENIO LOZADO, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—94—3900

Opinion filed April 12, 1996.

286

Benjamin & Shapiro, Ltd., and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Margarita T. Kulys, of counsel), for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and John H. Ehrlich, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Eugenio Lozado brought this negligence suit against defendant, the City of Chicago, for injuries he allegedly sustained when he fell on the sidewalk in front of 2307 West North Avenue in Chicago. The jury returned a verdict in favor of plaintiff and awarded plaintiff $245,000 damages, after reducing the verdict 10% for plaintiff's contributory negligence. Defendant filed a motion for a new trial, a new trial only on the issue of damages or a judgment notwithstanding the verdict. The trial court granted defendant's motion for a new trial on the basis that during closing argument, plaintiff's counsel improperly instructed the jury as to how to answer the special interrogatory. Plaintiff sought and was granted leave to appeal the trial court's order granting defendant a new trial. We affirm.

Pursuant to defendant's request, the jury received a special interrogatory in addition to the general verdict form. The special interrogatory asked, "Was the sidewalk in front of 2307 West North Avenue in a reasonably safe condition at the time of [plaintiff's] injury?"

During his closing argument, plaintiff's counsel referred to the special interrogatory by stating:

"Now there's that special interrogatory that [defense counsel] talked about, just mention it one more time.

In order for—the Plaintiff has to prove three things, the first thing as I mentioned is the negligence of the City and you will be instructed that there is a statute that the City has a duty to maintain the sidewalk in a reasonably safe condition.

Now, if you find that the City did not maintain the sidewalk in a reasonably safe condition, he has proved that part of his case and he's going to be getting money from you and if you do find that to be consistent—

[DEFENSE COUNSEL]: Object as to proving part of the case meaning that he'll get money.

THE COURT: Well noted.

[PLAINTIFF'S COUNSEL]: And to be consistent if you believe that he has proved that part of the case, special interrogatory asks you was the sidewalk in front of 2307 West North Avenue in a reasonably safe condition at the time of [plaintiff's] injury answer to that has to be no to be consistent with your finding that he's getting money—in the first place, doesn't get money unless he's met three burdens of proof.

So you have to—you know, you should be consistent with that.

Answer was not in a reasonably safe condition the answer to that question is no, a resounding no.

[DEFENSE COUNSEL]: Objection, Judge.

THE COURT: Sustained or, no, not sustained, overruled."

The jury returned a verdict in favor of plaintiff and answered "no" to the special interrogatory.

The trial court found that plaintiff's counsel's comments improperly instructed the jury how to answer the special interrogatory and therefore granted defendant's post-trial motion for a new trial. Plaintiff claims on appeal that the trial court erred in granting defendant's motion for a new trial since defendant did not properly object to plaintiff's counsel's comments and, regardless, the comments were not improper.

■ A reviewing court must not overturn an order granting a motion for a new trial merely because the reviewing court would have reached a different result. *Marotta v. General Motors Corp.*, 108 Ill. 2d 168, 483 N.E.2d 503 (1985). Rather, because the trial court is in the position to observe the trial attorneys' manner of speaking and the impact their comments had on the jury, the trial court's decision to grant a new trial is an exercise of discretion, which should not be disturbed unless a clear abuse of that discretion is shown. *Harrison v. Chicago Transit Authority*, 48 Ill. App. 3d 564, 363 N.E.2d 81 (1977); *Marotta*, 108 Ill. 2d at 178. To determine whether the trial court abused its discretion, a reviewing court is to consider whether the evidence supported the jury's verdict and whether the losing party was denied a fair trial. *Reidelberger v. Highland Body Shop, Inc.*, 83 Ill. 2d 545, 416 N.E.2d 260 (1981).

■ Plaintiff first alleges on appeal that the trial court erred in setting aside the jury's verdict and granting a new trial because defendant waived any alleged error by failing to make appropriate objections at trial. Plaintiff claims that when defendant first objected to plaintiff's counsel's closing argument and stated "object as to proving the case meaning he'll get money," he raised a specific objection which waived all other grounds not specified.

Plaintiff further argues that defendant's second objection, which stated "objection judge," is a general objection which was insufficient to preserve the grounds alleged by defendant in its post-trial motion. Plaintiff claims that since defendant failed to specifically object to plaintiff's counsel's closing argument on the grounds that he was advising the jury that its answer to the special interrogatory must conform to the general verdict, it waived any error resulting from this argument.

We find that the objections made by defendant were sufficient to preserve for review the propriety of plaintiff's counsel's comments. In *Sommese v. Maling Brothers, Inc.*, 36 Ill. 2d 263, 222 N.E.2d 468

(1966), the court found it appropriate to consider whether it was prejudicial error to inform the jury that the special interrogatory must be consistent with the general verdict, despite the fact that no objection was made to the comment. Here, not only did defense counsel object to plaintiff's counsel's comment but these objections adequately informed the trial court as to the fact that defendant found objectionable plaintiff's counsel's comments that the special interrogatory should be answered "no" in order to be consistent with the jury's finding that plaintiff is to recover damages.

■ Plaintiff next claims that the trial court abused its discretion when it found plaintiff's counsel's comments regarding the special interrogatory to be reversible error. The function of a special interrogatory is to require the jury's determination as to a specific issue of ultimate fact, which then serves as a check upon the deliberations of a jury. *Sommese v. Maling Brothers, Inc.*, 36 Ill. 2d 263, 222 N.E.2d 468 (1966). In *Sommese*, plaintiff's attorney informed the jury during closing argument that the special interrogatory had been "slipped in" by the defendant, that the jury's answer to the special interrogatory supersedes the general verdict and that the answer to the special interrogatory should be in harmony with the verdict so as to not deprive plaintiff of her right to recovery. The court found that these comments constituted prejudicial error since they improperly informed the jury of the source of the interrogatory and defeated the purpose of a special interrogatory by advising the jury to conform its answer to its verdict so to protect the verdict without regard to the evidence. The court in *Sommese* determined that when the plaintiff's attorney alerted the jury to the fact that its decision to assess damages would be nullified by an affirmative answer to the interrogatory, the safeguard against a jury awarding damages out of passion, prejudice or sympathy without first making a specific factual determination and then applying the law thereto was thwarted.

It is reversible error to advise the jury that the special interrogatory and general verdict should conform or to discuss the legal effect of the answer or how it impacts the general verdict. In *Sutton v. Peoples Gas Light & Coke Co.*, 119 Ill. App. 2d 471, 256 N.E.2d 19 (1970), the appellate court found that plaintiff's counsel improperly commented in closing argument that the jurors should be consistent in their response to the special interrogatory and the general verdict when he told the jurors that if they answer "yes" to the question of whether plaintiff was contributorily negligent, then no matter what the general verdict says, plaintiff will recover nothing. The trial court in *Sutton* further compounded the error by informing the jury that the special interrogatory is to be consistent with the verdict. See

also *Batteast v. Wyeth Laboratories, Inc.*, 137 Ill. 2d 175, 560 N.E.2d 315 (1990) (it was improper for plaintiff's counsel to comment that if jury wanted to award plaintiff damages, its answer to the special interrogatory would have to be that the hospital was not the sole proximate cause of the injuries); *Massa v. G. Helmkamp Excavating & Trucking Co.*, 145 Ill. App. 3d 60, 67-68, 495 N.E.2d 648 (1986) (plaintiff's counsel impermissibly linked the verdict and the special interrogatory when he told the jury that, " 'if your verdict is for the Plaintiff, *** then the only way that you can answer those questions is yes' " and " 'if you want [the plaintiff] to recover in this case, you should answer the [questions] yes' ").

However, there is nothing inappropriate in simply suggesting to the jury how it should answer a special interrogatory. In *Moore v. Checker Taxi Co.*, 133 Ill. App. 2d 588, 592, 273 N.E.2d 514 (1971), for example, plaintiff's attorney stated, " 'If you believe that he was not guilty of negligence that caused this accident, you should answer "No" to that inquiry, because if [plaintiff] was guilty of negligence, then he can't recover and they are right.' " The court found nothing improper in this statement since plaintiff's attorney did not tell the jury that if damages were to be awarded to plaintiff, the jury must answer the interrogatory in the negative so that the verdict and the answer to the interrogatory conform with each other. The court explained that the attorney may suggest how a special interrogatory should be answered, as long as he refrains from stating that the answer to the interrogatory should agree with the general verdict.

In *Kosinski v. Inland Steel Co.*, 192 Ill. App. 3d 1017, 1028, 549 N.E.2d 784 (1989), plaintiff's attorney told the jury that " 'If you listen to what negligence is and what he was doing, *** if you answer that interrogatory any way other than no, then you are saying this accident is [plaintiff's] fault and he can't recover.' " The court found that these comments did not alert or emphasize to the jury that an award of damages to plaintiff would be nullified by an affirmative answer to the interrogatory, but told the jury that, upon review of the evidence, it should answer the interrogatory in favor of plaintiff.

The court reached a similar result in *Burns v. Howell Tractor & Equipment Co.*, 45 Ill. App. 3d 838, 848, 360 N.E.2d 377 (1977), wherein the attorney told the jury:

> " 'It is very, very important that you answer that Interrogatory [(asking whether plaintiff was contributorily negligent)] "No," because [plaintiff] was exercising ordinary care at the time that an ordinary person would do so. I say under the circumstances, with his experience, and his knowledge, and the particular situation, he was doing what the ordinary person would do. ***

But if you answer that Interrogatory any way than "No," then you are saying, "It is his fault and he can't recover." ' "

The court found no error because the attorney was merely arguing his view of the evidence to the jury and stating what answer to the interrogatory would be consistent with this view. The court found that counsel stopped short of impermissible argument by refraining from advising the jury of the legal significance of conforming its answer to its verdict.

In *Blevins v. Inland Steel Co.*, 180 Ill. App. 3d 286, 291, 535 N.E.2d 972 (1989), plaintiff's counsel stated that " 'if the jury answered the interrogatory in the affirmative, "Mr. Blevins will lose this case of the—." ' " The defendant's attorney promptly objected. The court found no error, explaining that it is permissible to suggest to the jury that the plaintiff would not recover if it answered the interrogatory in the affirmative, provided it is not told to harmonize the special finding and general verdict. The court admitted, however, this distinction "may seem slight." *Blevins*, 180 Ill. App. 3d at 292.

■ In the instant case, we are most concerned with plaintiff's counsel's comment that the answer to the special interrogatory "has to be no to be consistent with your finding that he's getting money." This comment was not as clearly improper as that made in *Sommese* since it did not specifically inform the jury to harmonize its answer to the special interrogatory with the general verdict. However, plaintiff's counsel's comment did more than merely suggest to the jury the way in which it should answer the interrogatory and treaded close to the line marking what type of comment is permissible. Under these circumstances, we find that it was not unreasonable for the trial court to conclude that the manner in which plaintiff's counsel used the word "consistent" improperly suggested a linkage between the answer to the special interrogatory and the general verdict. The trial court was in the best position to determine the impact this comment had on the jury, and we cannot say that the trial court abused its discretion in finding that the comment prejudiced defendant and therefore warranted a new trial.

Accordingly, for the reasons set forth above, the trial court order setting aside the jury's verdict and granting a new trial is affirmed.

Affirmed.

GORDON and HOURIHANE, JJ., concur.