DIANA L. WHITE, Plaintiff-Appellee, v. VICKI L. STEVENS, Defendant-Appellant.

Second District   No. 2—98—0298

Opinion filed December 18, 1998.

710

Pamela R. Boucher, of Eannace, Lowery & Meade, of Rockford, for appellant.

Edward M. Maher, of Law Office of Edward M. Maher, of Rockford, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Diana White, was injured when her motorcycle collided with a car driven by defendant, Vicki Stevens. Plaintiff brought this negligence action, and a jury awarded her $22,500 in damages. After the court denied defendant's posttrial motion, defendant timely appealed.

On appeal, defendant argues that plaintiff's improper argument deprived her of a fair trial. Specifically, she maintains that plaintiff's counsel exceeded the bounds of fair comment when, in rebuttal closing argument, he told the jury to make sure that its answer to a special interrogatory (see 735 ILCS 5/2—1108 (West 1996)) was consistent with its verdict. We agree with defendant and hold that the trial court abused its discretion in denying her posttrial motion. Therefore, we reverse and remand the cause for a new trial.

The record does not include the full transcript of the trial. However, we have the common-law record, several evidence depositions, and a transcript of plaintiff's rebuttal closing argument. We believe this record is sufficient for defendant to establish her claim of error. See generally *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

The trial court gave the jury the following special interrogatory: "Was the Defendant's negligence the proximate cause of the Plaintiff's alleged injuries or damages?" In his rebuttal closing argument, plaintiff's counsel stated:

"Now, as to the special interrogatory—***

She tells you that she wants you to say 'No' on there. I would merely point out to you that if you find for Diana *** and if you award her damages, that on your jury form—on the verdict form it says that you award her damages which were proximately caused by this accident. So if you fill in any dollar amounts at all, you are—"

Defendant objected. After a sidebar, plaintiff's counsel continued:

"If you find in Diana's favor—as everything in this case tells you that you must do—and if you award her damages, under the basic instructions it says you will award her those damages which were proximately caused by this accident. So once you start filling in dollar amounts, you will be saying it was proximately related.

Then you are going to get this question that will say 'Were the damages proximately related?' Folks, if you are going to be consistent, you, of course, say 'Yes.' She wants you to say 'No.' The—if you give her Dollar One, you have to say 'Yes' to be consistent.

Thank you."

Defendant did not object further. However, her motion for a new trial argued that counsel's remarks improperly told the jury that its answer to the special interrogatory had to be consistent with its verdict. On appeal, defendant reiterates this assertion. Without citing any authority, plaintiff responds that there is nothing wrong with asking the jury to be consistent. While this logic has a superficial appeal, we believe that ample precedent rightly prohibits the type of argument at issue here.

■ We will not reverse a trial court's ruling on a motion for a new trial unless the court abused its discretion. *O'Connell v. City of Chicago*, 285 Ill. App. 3d 459, 463 (1996). However, because the case law clearly supports defendant, we hold that the trial court abused its discretion in denying her posttrial motion.

■ The purpose of a special interrogatory is to provide a check on the jury's deliberations by testing the general verdict against the jury's determination of one or more specific issues of ultimate fact. *Sommese v. Maling Brothers, Inc.*, 36 Ill. 2d 263, 267 (1966); *Kosrow v. Acker*, 208 Ill. App. 3d 143, 146 (1991). The special interrogatory cannot serve this salutary function if the jury views its answer as merely a foregone conclusion from the general verdict it has already reached. See *Sommese*, 36 Ill. 2d at 267-68; *Massa v. G. Helmkamp Excavating & Trucking Co.*, 145 Ill. App. 3d 60, 70 (1986); *Swanson v. Chester*

*Johnson Electric Co.*, 5 Ill. App. 2d 175, 178-79 (1955). Thus, it is generally reversible error for the plaintiff's counsel to tell the jury that, to protect a verdict for the plaintiff, it must answer the special interrogatory in a particular way. See *Batteast v. Wyeth Laboratories, Inc.*, 137 Ill. 2d 175, 186 (1990); *Sommese*, 36 Ill. 2d at 266-67; *O'Connell*, 285 Ill. App. 3d at 467. The error is especially serious where counsel's improper comments are not brief or isolated, the court does not sustain an objection, or there is no curative instruction. See *Batteast*, 137 Ill. 2d at 186-87; *O'Connell*, 285 Ill. App. 3d at 467-68; *Wojtowicz v. Cervantes*, 284 Ill. App. 3d 524, 529-30 (1996). Moreover, the error may be preserved for appeal even absent a contemporaneous objection. *Sommese*, 36 Ill. 2d at 267-68.

■ These considerations convince us that plaintiff's counsel's comments were reversible error. The natural import of the quoted remarks is that the jury should first award plaintiff damages, then answer the special interrogatory solely with a view to protecting the award. This argument denigrates the role of the special interrogatory by treating it as no more than a function of the general verdict. Courts have repeatedly forbade arguments in the form "if you reach verdict A, you must give the special interrogatory answer B." This prohibition is especially well established against suggestions—such as that given here—that the plaintiff will be unable to recover any damages unless the jury gives the special interrogatory the answer counsel requests. See *Batteast*, 137 Ill. 2d at 185-86; *Sommese*, 36 Ill. 2d at 266-67; *Burris v. Madison County*, 154 Ill. App. 3d 1064, 1075 (1987).

Neither counsel nor the trial court may explicitly tell the jury that it must harmonize its answer with the general verdict. *Sommese*, 36 Ill. 2d at 266-67; *Swanson*, 5 Ill. App. 2d at 177-78. The availability of the special interrogatory presupposes that a jury might answer a factual question inconsistently with its general verdict. It is this very potential for inconsistency that enables the special interrogatory to serve as a check on the jury's deliberations. *Swanson*, 5 Ill. App. 2d at 178.

Here, the error was especially serious because the improper remarks were neither brief nor inadvertent and the trial court did not sustain defendant's objection or give a curative instruction. Because the impermissible argument required a reversal, we hold that the trial court abused its discretion in denying defendant a new trial.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

THOMAS and RAPP, JJ., concur.