2019 IL App (1st) 190151-U

THIRD DIVISION
December 26, 2019

No. 1-19-0151

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AARON BIRCH, M.D., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 L 6560 |
| | ) | |
| PACE SUBURBAN BUS SERVICE, | ) | |
| a Division of the Regional Transit Authority, | ) | |
| a Municipal Corporation, | ) | Honorable |
| | ) | Thomas J. Lipscomb, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County is affirmed; the trial court properly entered judgment in favor of defendant in accordance with the special interrogatory and denied plaintiff's motion for new trial.

¶ 2    Following a jury trial in a negligence action the jury returned a general verdict form which found for plaintiff and awarded plaintiff damages in the amount of $8,447.67.  The general verdict form was internally inconsistent in that it also found plaintiff 51% contributory negligent.  The jury additionally returned a special interrogatory finding "[p]laintiff's contributory negligence more than 50% the cause of his injury" effectively finding for defendant

and barring plaintiff from recovering damages. The trial court read the jury's general verdict and special interrogatory into the record and dismissed the jury. Plaintiff moved for a mistrial due to inconsistencies in the general verdict form. The trial court noted the inconsistency and, after hearing argument from both parties, entered judgment for defendant finding the special interrogatory controlling. Plaintiff filed a motion for a new trial which the trial court denied. Thereafter, plaintiff timely appealed arguing (1) the trial court erred by reading the jury's verdict aloud where the "verdict was ambiguous and possibly inconsistent" without recognizing the inconsistencies and giving counsel an opportunity to object; (2) the trial court erred in denying plaintiff's motion for a new trial "where the jury's verdict was erroneous and inconsistent with itself[;]" and (3) the jury's failure to award non-economic damages was against the manifest weight of the evidence. We affirm the trial court's judgment for defendant and denial of plaintiff's motion for new trial for the reasons set forth below.

¶ 3                                    BACKGROUND

¶ 4      Plaintiff, Dr. Aaron Birch, sustained injuries stemming from an incident on June 15, 2016 when a bus owned by defendant, PACE Suburban Bus Service, made impact with plaintiff fracturing his left forearm and fracturing his skull in four places around his left eye.

¶ 5      In his amended complaint plaintiff alleged defendant's negligence was the cause of his injuries stemming from the June 15, 2016 incident. Defendant filed an answer and affirmative defense claiming contributory negligence on the part of plaintiff.

¶ 6      A jury trial commenced on August 1, 2018. The following evidence was elicited at trial. On June 15, 2015, plaintiff was at a PACE bus stop located at Lincolnwood Town Center in Lincolnwood, Illinois. When the bus arrived, plaintiff attempted to board the bus. The moving bus ultimately came into contact with plaintiff's face knocking him unconscious and causing the

factures to his forearm and skull. In his closing argument, plaintiff's counsel argued for damages totaling $110,895.33 comprised of medical bills resulting from plaintiff's injuries totaling $16,895.33, pain and suffering in the amount of $47,000, and loss of normal life in the amount of $47,000.

¶ 7 Video of the incident was played several times for the jury. Plaintiff testified that the doors to the bus were slammed closed as he was walking toward the bus. Plaintiff attempted to obtain the bus driver's attention. Plaintiff testified during his deposition that he struck the bus four or five times with his cane. Plaintiff's expert testified that striking a moving bus with a cane was not safe or "correct" behavior. The video showed plaintiff initially standing on the sidewalk, but as the bus was moving, plaintiff approached the bus door angling toward the bus. The video showed plaintiff turning perpendicular toward the moving bus as plaintiff moved his cane in the direction of the bus. Plaintiff's expert testified the video showed plaintiff stumble into the street. Plaintiff's expert testified that plaintiff "stumbled on his own" and the stumble had "nothing to do with the bus." Plaintiff was several steps out into the street when his person made contact with the bus and plaintiff fell. Plaintiff's expert admitted that had plaintiff remained on the sidewalk, the bus would not have come into contact with plaintiff's person. Plaintiff's expert testified "some" blame for the occurrence could be attributed to plaintiff.

¶ 8 Additionally, defendant's expert testified that plaintiff "elected to step into the street [which] placed him into close proximity to the bus where he could be affected by it." He testified that the bus driver safely began moving because plaintiff was moving parallel to the bus on the sidewalk several feet away from the street curb. He testified that plaintiff did not lose his balance, but stepped into the street as evidenced by the fact that both plaintiff's cane in his right hand and his left hand were raised which the expert testified would be inconsistent with one

trying to recover their balance. Defendant's expert testified that plaintiff raised his hand and cane in attempt to get the bus driver's attention as noted by plaintiff in his deposition. Defendant's expert testified that plaintiff put his left hand on the side of the moving bus while in the street causing plaintiff to lose his balance as his person came into contact with the moving bus.

¶ 9    Following the conclusion of the trial the jury returned a general verdict, Verdict Form B, signed by all jurors stating in relevant part as follows:

"We, the jury, find for the Plaintiff, Dr. Aaron Birch, and against the

Defendant, Pace Suburban Bus Service, and further find the following:

First: Without taking into consideration the question of reduction of

damages due to the negligence to Dr. Aaron Birch, we find that the total amount

of damages suffered by Dr. Aaron Birch as a proximate result of the occurrence in

question is $8,447.67[1], itemized as follows:

| | |
|---|---|
| The reasonable expense of necessary medical care, treatment, and services received: | $    8,447.67. |
| The pain and suffering experienced and reasonably certain to be experienced in the future: | $         0. |
| The loss of normal life experienced and reasonably certain to be experienced in the future: | $         0. |

---

[1] The underlined sections contained in the quote represent the jury's handwritten responses contained in the verdict form.

Second: Assuming that 100% represents the total combined negligence of all persons whose negligence proximately contributed to the plaintiff's injuries, including Dr. Aaron Birch and Pace Suburban Bus Services, we find that the percentage of such negligence attributed solely to Dr. Aaron Birch is [the line on which an answer is to appear was scratched out]. [Immediately to the right of the scratch out, the following is written:] 51% [which figure is initialed and dated by the foreperson]

Third: After reducing the total damages sustained by Dr. Aaron Birch by the percentage of negligence attributable solely to Dr. Aaron Birch, we assess Dr. Aaron Birch's recoverable damages to the sum of $8,447.67."

¶ 10    The jury also returned a special interrogatory, also referred to as a special finding, which stated as follows:

"Was the Plaintiff's contributory negligence more than 50% the cause of his injury?

Yes: ___✓___           No: _____" [2]

¶ 11    The trial judge read the general verdict and special interrogatory into the record. The trial court then asked "Anything further from either side, gentleman, lawyers, anything further?" To which both sides responded in the negative at which point the jury was dismissed.

¶ 12    Following the jury's dismissal plaintiff moved for a mistrial citing inconsistencies within the jury's general verdict, Verdict Form B. The trial court noted the inconsistency in using

_____

[2] The underlined section contained in the quote represents the jury's handwritten response contained in the special interrogatory.

Verdict Form B as well as the inconsistency between the general verdict and the special

interrogatory and found the special interrogatory controlling. Thereafter, the trial court entered

judgment in favor of defendant.

¶ 13    On September 6, 2018, plaintiff filed a motion for new trial which the trial court denied.

Plaintiff timely appealed. This appeal followed.

¶ 14                                     ANALYSIS

¶ 15    On appeal plaintiff argues (1) the trial court erred by reading the jury's verdict aloud

where the "verdict was ambiguous and possibly inconsistent" without recognizing the

inconsistencies and giving counsel an opportunity to object; (2) the trial court erred in denying

plaintiff's motion for a new trial "where the jury's verdict was erroneous and inconsistent with

itself[;]" and (3) the jury's failure to award non-economic damages was against the manifest

weight of the evidence. We first address respondent's second argument that the trial court erred

in denying plaintiff's motion for new trial as it is dispositive of all issues raised on appeal.

¶ 16    As to this issue, the "crux of Plaintiff's argument is that the trial court did not properly

enter a judgment consistent with the juror's findings because the trial court failed to rectify

recognized inconsistencies in the jury's verdict and ignored evidence of the jury's intention."

Plaintiff argues that (1) the intent of the jury was unclear because (a) the jury used Verdict Form

B finding for the plaintiff after the trial court instructed that Verdict Form C finding for the

defendant was to be used if they found plaintiff more than 50% at fault; (b) the jury was also

instructed not to consider the question of damages if they decided in favor of defendant; and (c)

the jury awarded plaintiff damages in the amount of 50% of plaintiff's alleged medical expenses.

(2) Plaintiff further argues the general verdict was internally inconsistent and the trial court erred

in entering judgment because "there is no indication whatsoever that the jury's ultimate verdict

was to find in favor of Defendant." We disagree with plaintiff that the intention of the jury was unknown because it was expressly stated in the special interrogatory confirming their finding "Plaintiff's contributory negligence [was] more than 50% the cause of his injury." Thus, as set forth more fully below, we do not find the trial court erred in denying plaintiff's motion for new trial. We note again that our reasoning on this issue is also dispositive of plaintiff's two other arguments on which we also find no error.

¶ 17     Generally, a reviewing court will not reverse a trial court's ruling on a motion for new trial unless the trial court abused its discretion. *Mrowca v. Chicago Transit Authority*, 317 Ill. App. 3d 784, 786 (2000). However, the issue of whether a special interrogatory controls the general verdict such that the general verdict cannot stand is a question of law reviewed *de novo*. *Mathews v. Avalon Petroleum Co.*, 375 Ill. App. 3d 1, 6 (2007).

¶ 18     The purpose of a special interrogatory is to test "a general verdict against the jury's determination as to one or more specific issues of material fact." *Balough v. Northeast Illinois Regional Commuter R.R. Corp.*, 409 Ill. App. 3d 750, 768 (2011). This "single, direct question *** standing on its own, is dispositive of an issue in the case such that it *** independently, control[s] the verdict with respect thereto." (Internal quotations omitted.) *Id*. Section 2-1108 of the Code of Civil Procedure (Code) governs special interrogatories and states that "[w]hen the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly." 735 ILCS 5/2-1108 (West 2018).[3]

_____

[3] Plaintiff notes a recent amendment to section 2-1108 of the Code; however, we find that the amendment is not relevant to our analysis as this trial commenced on August 1, 2018 and the amendment to the statute expressly provides that the "amendatory Act *** applies

¶ 19    To determine whether there is inconsistency between the general verdict and the special interrogatory, "all reasonable presumptions must be exercised in favor of the general verdict." *Balough*, 409 Ill. App. 3d at 769.

>  "An inconsistency exists where the special finding and the general verdict are clearly and absolutely irreconcilable. [Citation.] Where the court finds the answer to the special interrogatory absolutely irreconcilable with the verdict, and if the answer to the special finding is not against the manifest weight of the evidence, the special finding controls, and a judgment may be entered based on the special finding rather than on the general verdict. [Citations.] Our supreme court has explained that the reason underlying this rule is based upon a recognition that a jury more clearly understands a particularized special interrogatory than a general verdict, which is a composite of all the questions in a case." (Internal quotations omitted.) *Id*.

¶ 20    In determining whether a special finding is inconsistent with a general verdict so that the former controls, the evidence should not be considered. *Ciborowski v. Philip Dressler & Associates*, 110 Ill. App. 3d 981, 989 (1982). However, [w]here an examination of the jury findings reveals that a reasonable hypotheses consistent with the general verdict exists, the special findings cannot be said to be absolutely irreconcilable." *Id*. at 990.

¶ 21    Here, we find a clear and irreconcilable inconsistency exists between the jury's general verdict and the special interrogatory and that the special interrogatory controls. A special

---

only to trials commenced on or after January 1, 2020." Pub. Act 101-184, § 5 (eff. Aug. 2, 2019) (amending 735 ILCS 5/2-1108).

interrogatory was given to the jury which asked "Was the Plaintiff's contributory negligence more than 50% the cause of his injury?" The jury responded to the special interrogatory in the affirmative.

¶ 22   The jury also completed a general verdict form, specifically Verdict Form B. This form found for plaintiff and required the jury to list the total amount of damages suffered by plaintiff without consideration of plaintiff's contributory negligence. The figure inserted by the jury in response was $8,447.67. We note that this figure is approximately 50% of the total medical expenses plaintiff alleged he incurred. Next, Verdict Form B required the jury to itemize the total damages by category; e.g. medical expenses, pain and suffering, or loss of normal life. In response, the jury again inserted the $8,447.67 figure as being attributed entirely to medical expenses. The form then required the jury to state the percentage of negligence attributed solely to plaintiff. The jury scratched out the space above the line where a response was to be provided and immediately after the scratch-out wrote 51% which was initialed and dated by the foreperson. Finally, the form required the jury to calculate the damages sustained by plaintiff by reducing the total damages by the percentage of negligence attributed to plaintiff. Here the jury again responded with the figure $8,447.67.

¶ 23   This jury also responded affirmatively to the special interrogatory asking was "Plaintiff's contributory negligence more than 50% the cause of his injury?" The effect of the jury's response here was to also bar plaintiff' from recovering any damages. This is because section 735 ILCS 5/2-1116(c) of the Code provides that "[t]he plaintiff should be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought." 735 ILCS 5/2-1116(c) (West 2018). Thus, the jury's response to the special interrogatory resolved all

the issues submitted to the jury, namely a finding for defendant and an award of $0 damages. The jury's Verdict Form B which found for plaintiff and awarded plaintiff damages is irreconcilably inconsistent with the special interrogatory having the effect of finding for defendant and barring plaintiff from recovering damages because the two findings are diametrically opposed.

¶ 24    We are not persuaded by plaintiff's argument that "a reasonable hypothesis exists capable of reconciling the special finding with the general verdict" pointing to the internally inconsistent general verdict form.  Here plaintiff parses out the composites of the general verdict.  Plaintiff argues the jury calculated 50% of plaintiff's alleged medical expenses on the general verdict form based on the evidence presented at trial and concludes that the jury's award of damages in this same amount rather than 51% of the $16,895.34 in alleged medical expenses "is a reasonable hypothesis construing the jury's apportioning 50% of the negligence to Plaintiff."  However, whether a reasonable hypothesis exists to explain an inconsistency within the jury's general verdict is not the relevant inquiry.  Instead, the relevant inquiry is whether, *without regard to the evidence,* there is a reasonable hypothesis reconciling the jury's general verdict finding for plaintiff and awarding damages with the special finding which effectively finds for defendant and precludes damages.  See *Ciborowski*, 110 Ill. App. 3d at 989-90.  Again, we do not believe these diametrically opposed findings are capable of reconciliation and thus the special interrogatory controls.  See 735 ILCS 5/2-1108 (West 2018).

¶ 25    Plaintiff further notes the jury's finding plaintiff 51% contributory negligent on the general verdict form and argues that because this composite of the general verdict form is consistent with the special interrogatory the special interrogatory is irrelevant.  In support of this flawed theory plaintiff cites *Kosrow v. Acker*, 208 Ill. App. 3d 143, 146 (1991), for the

proposition that "[w]hen a jury renders a special verdict consistent with its general verdict, the special verdict has no effect, and judgment is entered only on the general verdict." We note that in *Kosrow* the court specifically found "the jury's verdict and special verdict were *completely* consistent." (Emphasis added.) *Id*. Here, we do not have *completely* consistent verdicts and we cannot ignore the composites of the general verdict which are clearly and absolutely irreconcilable with the special interrogatory.

¶ 26    We also cannot say that the jury's answer to the special finding is against the manifest weight of the evidence. *Balough*, 409 Ill. App. 3d at 769. "A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence." (Internal quotations omitted.) *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992). Here, plaintiff's own expert testified that some blame could be attributed to plaintiff. Plaintiff's expert testified that plaintiff's actions in attempting to strike a moving bus with his cane was unsafe and not correct behavior. He also testified that had plaintiff stayed on the sidewalk instead of angling toward the bus and moving into the street, the bus would not have come into contact with plaintiff's person. Additionally, defendant's expert testified that plaintiff did not stumble into the street, but elected to move into the street in an effort to get the bus driver's attention. Defendant's expert testified that this was evidenced by the fact that plaintiff had his cane and left hand raised which would be inconsistent with one trying to recover their balance. Defendant's expert testified that plaintiff raised his hands and cane in attempt to get the bus driver's attention. Defendant's expert testified that plaintiff put his left hand on the side of the moving bus while in the street causing plaintiff to lose his balance as his person came into contact with the moving bus. From our review of the record, we are convinced that the jury's answer to the special interrogatory is satisfied by the

evidence. As a result, the special finding of fact controls and the court properly entered judgment in favor of defendant. 735 ILCS 5/2-1108 (West 2018).

¶ 27     We reiterate that section 5/2-1108 of the Code provides that "[w]hen the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly." 735 ILCS 5/2-1108 (West 2018). As such, the trial court acted appropriately in entering judgment consistent with the special finding. We can find no statute or case law requiring the trial court to give counsel an opportunity to object or requiring the court to send the jury back to deliberate as plaintiff argues on appeal.[4] We do not find the statute or cases cited on this issue relevant. The recent amendment to section 2-1108 of the Code is not applicable to this trial which commenced on August 1, 2018 where the amendment to the statute expressly provides that the "amendatory Act *** applies only to trials commenced on or after January 1, 2020." Pub. Act 101-184, § 5 (eff. Aug. 2, 2019) (amending 735 ILCS 5/2-1108). In fact, in *Ciborowski*, a case cited by plaintiff, this court found the *Ciborowski* trial court erred by acting contrary to the trial court in this case because it set aside a special interrogatory that was absolutely irreconcilable with the general verdict where the special finding was not against the manifest weight of the evidence rather than entering judgment in accordance with the controlling special interrogatory. *Ciborowski*, 110 Ill. App. 3d at 991.

---

[4] We decline to address defendant's waiver argument as to plaintiff's claim of error with respect to the trial court's reading of the verdict as the issue is resolved by our analysis of plaintiff's argument that the trial court erred in denying plaintiff's motion for new trial. In any event, waiver is a limitation on the parties and not the courts. *People v. Hoskins*, 101 Ill. 2d 209, 219 (1984).

¶ 28    As to the other cases cited by plaintiff: *Miller v. Pillsbury Co.*, 56 Ill. App. 2d 403, 412 (1965); *Lockett v. Board of Education for School District No. 189*, 198 Ill. App. 3d 252, 256-67 (1990); and *Tindell v. McCurley*, 272 Ill. App. 3d 826, 831 (1995), these cases deal with jury verdicts in irregular form in that they were inconsistent or ambiguous thereby requiring the trial court to "consider the entire record, and endeavor to determine the intent of the jury." *Lockett*, 198 Ill. 3d at 257. In each of the above cases, the trial court, in endeavoring to determine the intent of the jury, was found to have properly acted by sending the jurors back for further deliberation (*Miller*, 56 Ill. App. 2d at 411-12; *Tindell*, 272 Ill. App. 3d at 831) or polling the jury (*Lockett*, 198 Ill. App. 3d at 257). However, the above cases did not have a controlling special interrogatory which unequivocally confirmed the jury's intention that they believed plaintiff to be more than 50% contributory negligent. In the instant case, section 5/2-1108 of the Code controlled and allowed the trial court to enter judgment in accordance with the special finding. See 735 ILCS 5/2-1108 (West 2018).

¶ 29    We also find that *Sommese v. Mailing Bros. Inc.*, 36 Ill. 2d 263 (1966), cited by plaintiff, only provides further support for our decision here. In *Sommese* our supreme court reversed the appellate court and ordered a new trial where the plaintiff's attorney, in closing argument, stated that "the special interrogatory had been 'slipped in' by the defendant; that the answer of the jury to the special interrogatory supersedes the verdict; and that the jury should harmonize its answer to the interrogatory with the verdict so as not 'to deprive this woman of any right to recovery.' " *Id*. at 266, 268. The court found that counsel's statements defeated the purpose of the special interrogatory by "advising the jury to conform its answer to its verdict so as to protect the verdict without regard to the evidence." *Id*. at 267. The court noted that that the legislature presupposed a jury might return interrogatories inconsistent with the general verdict. *Id*. The court further

noted the legislature's provision for controlling special interrogatories used to test the general verdict against the jury's conclusions on the ultimate facts in such cases. *Id.* The court reasoned that where the jury is informed that its answer to a special interrogatory could nullify its award of damages, "the safeguard against a jury awarding damages out of passion or prejudice or sympathy without first making specific factual determinations and then applying the law thereto [is] thwarted." *Id.* at 267-68. Here, the safeguard provided by the special interrogatory was not tainted by prejudicial statements to the jury and thus was appropriately used by the trial court as a check on the jury's inconsistent verdict.

¶ 30 Because section 5/2-1108 of the Code expressly allows a trial court to enter judgment on the controlling special interrogatory over the inconsistent parts of the general verdict, we do not find the trial court erred by reading the jury's verdict aloud without recognizing the inconsistencies and giving counsel an opportunity to object.

¶ 31 Furthermore, because we find both (1) the special interrogatory controlling thereby barring plaintiff's recovery of damages pursuant to section 5/2-1116(c) of the Code and (2) the jury's answer to the special interrogatory was not against the manifest weight of the evidence, we need not address plaintiff's argument that the jury's failure to award non-economic damages was against the manifest weight of the evidence. Plaintiff, having been found more than 50% contributory negligent, is not entitled to any damages. See 735 ILCS 5/2-1116(c) (West 2018).

¶ 32                                    CONCLUSION

¶ 33 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 34 Affirmed.